UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEA MAR COMMUNITY HEALTH CENTERS,<br><br>Plaintiff,<br><br>v.<br><br>ACCREDITATION COUNCIL FOR GRADUATE MEDICAL EDUCATION,<br><br>Defendant. | CASE NO. 2:24-cv-896<br><br>ORDER |

Plaintiff Sea Mar Community Health Centers ("Sea Mar") moves to expedite production of documents from Defendant Accreditation Council for Graduate Medical Education ("the Council"). Dkt. No. 33. The Court held a hearing pursuant to LCR 7(i) on July 2, 2024, and heard oral argument from the parties. The Court ordered the parties to submit briefing on the issues raised during the hearing using the District's Expedited Joint Motion Procedure under LCR 37(a)(2). After reviewing the parties' briefing, the relevant record, and hearing argument, the Court GRANTS Sea Mar's motion in part as explained below.

ORDER - 1

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A court may authorize early discovery—that is, discovery before the civil rules and the pretrial schedule typically allow—upon a showing of "good cause." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012). "Good cause" exists if the need for expedited discovery outweighs the prejudice to the responding party. *Synopsys, Inc. v. AzurEngine Techs., Inc.*, 401 F. Supp. 3d 1068, 1076 (S.D. Cal. 2019). District courts have broad discretion in determining relevancy and managing discovery. *Avila v. Willits Env't. Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011); *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

Sea Mar agues there is good cause to expedite discovery because it needs the documents sought "to prepare a meaningful written presentation" before its August 2, 2024, appeal hearing. Dkt. No. 33 at 7. Sea Mar also claims "[b]y proactively working to secure its due process rights ex ante, rather than simply waiting for deprivation of those rights and litigating them ex post, Sea Mar is fulfilling its obligation to mitigate damages from [the Council's] allegedly wrongful dismantling of the residency program and limiting [the Council's] corresponding liability." *Id.* at 22.

The Council argues this is an improper purpose because Sea Mar has no need in this "particular litigation" for the information sought and less reason for why it is due now. Dkt. No. 33 at 2, 10 (citing *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 352 n.17 (1978)).

ORDER - 2

But the Council's argument does not fit the circumstances of this case. In *Oppenheimer Fund*, the requested discovery was not relevant to the respondent's underlying claims. Here, the discovery requests are relevant not only to Sea Mar's appeal but also to its due process claims in *this* litigation. Moreover, because the appeals process is unfolding, so too are the circumstances underlying Sea Mar's litigation claims and the extent of the damages it may ultimately suffer. Thus, it follows that Sea Mar should be afforded an opportunity to mitigate its injuries by gaining access to the information it needs to challenge the Council's decision. *See Cunningham Lindsey U.S. LLC v. Box,* No. 1:18-CV-4346-MHC, 2018 WL 6266554, at *10 (N.D. Ga. Oct. 23, 2018) (allowing expedited discovery to mitigate harms). The Council fails to show that it will suffer any prejudice if Sea Mar's request is granted, and certainly none that overcomes Sea Mar's need for the information. This scenario, unusual as it may be, warrants the relief requested. *See Fimab-Finanziaria Maglificio Biellese Fratelli FILA v. Helio Import/Export, Inc.*, 601 F. Supp. 1, 3 (S.D. Fla. 1983) ("Expedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if [they] were required to wait the normal time.").

Accordingly, the Court orders as follows:

1. The Council must fully respond to Sea Mar's Request for Production Nos. 2 and 3 (Dkt. No. 33-1 at 6) by July 16, 2024.

2. For purposes of the Council's initial production only, the responsive period for Request for Production Nos. 2 and 3 is through April 18, 2024.

3. For purposes of the Council's initial production only, the Court STRIKES Request for Production No. 1.

4. The Court DENIES the Council's request to enter the District's model protective order given Sea Mar's objection to the order as drafted. The Court orders the parties to meet and confer about the terms and scope of a protective order and to submit a mutually agreeable stipulated protective order. As for additional guidance on this issue, the Court struggles to see how disclosing responsive documents to the Council—the producing party here—during an internal appeals process would violate the terms of any protective order. Whether the Council will accept and review any such documents during Sea Mar's accreditation appeal is, for now, a matter between the parties. The parties may file subsequent proposed protective orders, or move to amend existing ones, as this litigation progresses.

5. The Council may redact from its responsive documents, "information regarding other residency programs under review by the Review Committee" and "Review Committee agenda items unrelated to the Sea Mar action." The Council may not redact "residents' and faculty members' names and other identifying details" unless the information is covered by privilege or the Local Civil Rules.

6. The Council's motion to strike arguments from Sea Mar's reply is DENIED. Dkt. No. 34. Sea Mar addressed both the relevance of the

information sought and need for early discovery during oral argument.

Dated this 10th day of July, 2024.

*[signature]*

Jamal N. Whitehead
United States District Judge

ORDER - 5