THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEA MAR COMMUNITY HEALTH CENTERS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ACCREDITATION COUNCIL FOR GRADUATE MEDICAL EDUCATION,<br><br>　　　　　Defendant. | Case No. C24-896 JNW<br><br>**SEA MAR'S OPPOSITION TO THE ACGME'S MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY**<br><br>NOTE ON MOTION CALENDAR: FEBRUARY 20, 2025 |

OPP'N TO MOT. FOR PROTECTIVE ORDER & TO STAY DISCOVERY
(No. C24-896 JNW)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

170922039

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

ADDITIONAL BACKGROUND ........................................................................................... 1

LEGAL STANDARD .............................................................................................................. 3

ARGUMENT ........................................................................................................................... 5

    I.    ACGME has not met its burden for a protective order from pending discovery .......................................................................................................... 5

    II.    No other circumstances warrant a stay of discovery ................................. 6

        A.    ACGME's pending motion to dismiss is unlikely to dispose of the entire case ....................................................................................... 6

        B.    ACGME is not harmed by discovery ................................................ 8

        C.    A stay does not promote judicial economy .................................... 10

CONCLUSION ...................................................................................................................... 11

TABLE OF CONTENTS – ii
(No. C24-896 JNW)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

170922039

## INTRODUCTION

ACGME never makes clear exactly why it *needs* a protective order from Sea Mar's pending discovery requests or a stay of future discovery. ACGME identifies no harm that will result from the sought-after discovery, dismissal is very unlikely, and, as a result, there is no judicial economy to be gained from a discovery stay. Instead, ACGME's motion is just another effort to avoid discovery and shield its internal processes—with which it effectively destroyed Sea Mar's Family Medicine Residency Program—from scrutiny and accountability.

The limited discovery provided to date has already revealed, among other things, that ACGME's investigation and deliberation of Sea Mar's compliance with the applicable program requirements was cursory, rife with error, based on unmitigated and conclusively refutable hearsay, and deprived Sea Mar of meaningful input, and yet yielded a recommended remedy preserving Sea Mar's program (that ACGME misrepresented to this Court in a sworn declaration). *See* Dkt. # 58 at pp. 4–6. These revelations—and those likely to come through additional discovery—confirm that ACGME's process was infected by poor investigation, pre-judgment of unsubstantiated allegations, and bias and intentional action to frustrate a successful Sea Mar appeal and reversal of its wrongful action. Second Amended Complaint, ("SAC") ¶¶ 9–11, 19–25.

At base, ACGME appears to recognize that this is, for Sea Mar, a "good facts, good law" case—one with the potential to upend ACGME's grossly deficient standard operating procedures that employed defective and high-handed conduct to rid itself of a successful residency program that was too small and costly to regulate. It is thus of no particular surprise that ACGME is anxious to prevent Sea Mar from amassing yet more facts that further lay bare ACGME's investigative and procedural deficiencies and its manifestly unfair written and unwritten procedures. But an unsurprising motion does not make it a meritorious one. ACGME's motion should be denied.

## ADDITIONAL BACKGROUND

Discovery already commenced in this case. On July 10, 2024, the Court granted in part Sea Mar's request for early discovery over ACGME's objections. Dkt. # 36 at p. 3. In particular, the

OPP'N TO MOT. FOR PROTECTIVE ORDER &
TO STAY DISCOVERY – 1
(No. C24-896 JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

170922039

Court ordered ACGME to respond to two of three requests for production ("RFPs") that Sea Mar served on ACGME. *Id.* RFP Nos. 1–3 sought documents related to (1) the factual and policy bases for ACGME's decision to withdraw accreditation from Sea Mar's Family Medicine Residency Program ("Withdrawal-of-Accreditation Decision"), (2) the Review Committee's documents concerning the Withdrawal-of-Accreditation Decision, and (3) the Field Representatives' documents concerning the site visit. Dkt. # 33-1 at p. 5. During early discovery only—but *not* indefinitely—the Court struck RFP No. 1 and limited the responsive period for RFP Nos. 2 and 3 through April 18, 2024, the effective date of the Withdrawal-of-Accreditation Decision. *See* Dkt. # 36 at pp. 3–4. ACGME produced certain responsive, nonprivileged documents on July 16, 2024. Dkt. # 57-1.

Consistent with requirements under the Federal Rules of Civil Procedure and Local Civil Rules, the parties held a Rule 26(f) conference on August 26, 2024, which allowed normal discovery to commence. *See* Dkt. # 57 ¶ 4; Fed. R. Civ. P. 26(d)(1), (f)(1). That same day, the parties submitted a joint status report summarizing their views on discovery. Dkt. # 40. The parties anticipated fact discovery would relate to "Sea Mar's allegations, claims, and asserted damages" and that there was no need for "changes to the limits on discovery set forth in [applicable civil rules]" or "to management of discovery." *Id.* at 3–4. Although ACGME signaled its desire for a stay of discovery pending any motion to dismiss, *id.* at 4–5, it did not affirmatively seek one.

In the months following early discovery, ACGME held a hearing on Sea Mar's appeal of the Withdrawal-of-Accreditation Decision and, while the appeals panel believed that Sea Mar should retain its accreditation under probationary status, it was constrained by ACGME's rules to recommend otherwise. SAC ¶ 142. ACGME's Board of Directors made a final decision on the appeal to affirm the removal of Sea Mar's accreditation. *Id.* ¶ 130.

Meanwhile, ACGME never completed its responses to the early discovery requests. So, on January 21, 2025, Sea Mar asked ACGME to fully respond to those requests, which were still pending. Dkt. # 57-2. On January 29, 2025, the parties held a meet and confer during which

OPP'N TO MOT. FOR PROTECTIVE ORDER &
TO STAY DISCOVERY – 2
(No. C24-896 JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

170922039

|   |   |
|---|---|
| 1 | ACGME asked Sea Mar to stay discovery while the motion to dismiss was pending. Decl. of |
| 2 | Jonathan P. Hawley ("Hawley Decl.") ¶¶ 2–3. During the conferral, ACGME's counsel neither |
| 3 | raised any specific objections to the pending discovery requests nor offered any compromises to |
| 4 | address its (unstated) concerns about pending or future discovery requests. *Id.* ¶ 4. The next day, |
| 5 | ACGME filed a motion to dismiss and this motion for a protective order and to stay discovery. |
| 6 | Dkts. # 56, 57. ACGME's responses to Sea Mar's pending first set of RPFs are due on February |
| 7 | 20, 2025. *See* Dkt. # 57-2. |

## LEGAL STANDARD

While courts exercise broad discretion over discovery matters, a "decision to relieve a party from the burdens of discovery while a dispositive motion is pending 'is the exception and not the rule.'" *Wilmington Tr. Co. v. Boeing Co.*, No. C20-0402-RSM-MAT, 2020 WL 6060434, at *1 (W.D. Wash. Oct. 14, 2020) (quoting *Nw. Immigrant Rts. Project v. Sessions*, No. C17-0716-RAJ, 2017 WL 11428870, at *1 (W.D. Wash. Sept. 18, 2017)). Regardless of a pending dispositive motion, a party seeking a stay of discovery bears a "heavy burden" to make a "strong showing" of why discovery should be denied, *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975), by "show[ing] a particular and specific need for the protective order," *Wilmington Tr.*, 2020 WL 6060434, at *1 (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601–02 (D. Nev. 2011)); *see also* Fed. R. Civ. P. 26(c)(1).

While the Ninth Circuit is said to have no specific "rules or standards governing . . . stays of discovery" while a motion to dismiss is pending, *HUB Int'l Nw. LLC v. Larson*, No. 2:22-cv-01418-TL, 2023 WL 2527150, at *2 (W.D. Wash. Mar. 15, 2023), it has instructed courts to weigh the competing interests that will be affected. Those competing interests include:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* at *3 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).

OPP'N TO MOT. FOR PROTECTIVE ORDER &
TO STAY DISCOVERY – 3
(No. C24-896 JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

170922039

District courts in the Ninth Circuit evaluate the pending motion to dismiss to determine whether a stay is justified, with the movant bearing a heavy burden that limits the circumstances under which a stay of discovery is warranted. *Wilmington Tr.*, 2020 WL 6060434, at *1; *Zieger v. Hotel Cal. by Sea LLC*, No. C21-1702-TL-SKV, 2022 WL 1499670, at *2 (W.D. Wash. May 12, 2022). For example, a stay might be prudent when there is a likelihood of expensive discovery, such as in an antitrust case, or where a complaint is "utterly frivolous." *HUB Int'l*, 2023 WL 2527150, at *3; *see also, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (holding it was not abuse of discretion for district court to prohibit discovery while motion to dismiss was pending "because the costs of discovery in [antitrust] actions are prohibitive"); *Subspace Omega, LLC v. Amazon Web Servs., Inc.*, No. 2:23-cv-01772-TL, 2024 WL 4451404, at *2 (W.D. Wash. Oct. 9, 2024) (same); *Turner Broad. Sys., Inc. v. Tacinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) ("Such a stay might be appropriate where the complaint was utterly frivolous, or filed merely for settlement value."). A stay might also be appropriate when the motion to dismiss raises purely legal questions that will dispose of the entire case, like in challenges to subject-matter jurisdiction or motions to transfer venue. *See, e.g.*, *Silbaugh v. Chao*, No. C17-1759RSM, 2018 WL 2317555, at *1 (W.D. Wash. May 22, 2018) (subject-matter jurisdiction); *Ahern Rentals Inc. v. Mendenhall*, No. C20-0542-JCC, 2020 WL 8678084, at *1 (W.D. Wash. July 9, 2020) (venue).

The mere existence of a dispositive motion does not, however, establish good cause for a stay. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (allowing stays before resolution of dispositive motions is directly at odds with need for expeditious resolution of litigation); *HUB Int'l*, 2023 WL 2527150, at *2. Indeed, recognizing that a discovery stay often creates unnecessary and prejudicial delays of litigation. *HUB Int'l*, 2023 WL 2527150, *3, the Federal Rules do not provide an automatic stay of discovery when a dispositive motion is pending, *see* Fed. R. Civ. P. 26(c).

OPP'N TO MOT. FOR PROTECTIVE ORDER &
TO STAY DISCOVERY – 4
(No. C24-896 JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

170922039

# ARGUMENT

## I. ACGME has not met its burden for a protective order from pending discovery

Despite the significant burden associated with a motion to stay discovery, ACGME has made no showing, let alone a strong one, of why it should not respond to Sea Mar's pending discovery requests. Instead, ACGME offers only a self-serving interpretation of Sea Mar's claims and the pending discovery requests to incorrectly suggest that the requests are irrelevant and overbroad. *See* Dkt. # 56 at p. 8. Even if this argument had merit—and it does not—ACGME must meet and confer with Sea Mar to resolve any discovery disputes, which ACGME has not even attempted. Hawley Decl. ¶¶ 3–4; *see also* Chambers Procedures § 3.1 ("The Court will deny or strike a discovery motion for failure to meet and confer in good faith."); Local Rules W.D. Wash. LCR 26(c)(1) (requiring "good faith meet and confer conference with other affected parties" as part of "effort to resolve the dispute without court action"); *Swinerton Builders v. Lexington Ins. Co.*, No. 2:21-cv-259-RAJ-TLF, 2024 WL 5202519, at *1–2 (W.D. Wash. Dec. 23, 2024) (denying discovery motion when moving party failed to sufficiently meet and confer).

Even if ACGME had properly conferred, it would be insufficient because ACGME offers no particular reason why exempting it entirely from the pending discovery requests is necessary or why the requests cannot be modified to a form mutually acceptable to both parties. *Gould v. Allstate Vehicle & Prop. Ins. Co.*, No. 2:22-cv-00820-LK, 2023 WL 3018865, at *7 (W.D. Wash. Apr. 20, 2023) (denying motion to stay discovery where moving party failed to properly meet and confer and did not provide specific objections to discovery requests). ACGME certainly doesn't argue that a protective order is necessary to prevent "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Because ACGME has not met its heavy burden of a strong showing why it should not respond to Sea Mar's pending discovery requests, ACGME's motion for a protective order should be denied.[1]

---

[1] Curiously, ACGME apparently believes it is burdensome for it even to confirm whether it has any additional documents responsive to RFP Nos. 2 and 3, which the Court already ordered ACGME to respond to by July 16, 2024. *See* Dkt. # 36 at p. 3. ACGME's responses to Sea Mar's

OPP'N TO MOT. FOR PROTECTIVE ORDER &
TO STAY DISCOVERY – 5
(No. C24-896 JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

170922039

## II. No other circumstances warrant a stay of discovery

ACGME has not identified any other circumstances even arguably justifying a stay of future discovery. While a discovery stay would undoubtedly be more convenient for ACGME, its pending motion to dismiss is unlikely to dispose of the entire case, ACGME is not harmed by discovery, and a stay would only delay efficient litigation of the case.

### A.  ACGME's pending motion to dismiss is unlikely to dispose of the entire case

ACGME's assertion that its pending motion to dismiss is dispositive is speculative at best; simply put, ACGME's motion to dismiss is very unlikely to dispose of this case in its entirety and, at any rate, the Court lacks the full briefing to even determine whether ACGME's motion to dismiss has merit (it does not).[2] *See United States v. Ctr. for Diagnostic Imaging, Inc.*, No. C05-0058RSL, 2010 WL 11682231, at *1 (W.D. Wash. Dec. 16, 2010). But even without full briefing, the strength of Sea Mar's claims is apparent: the SAC details egregious, bad-faith conduct by a monopolist accrediting body intent on destroying a homegrown, successful residency program that was helping to address the dire need for more family medicine physicians in rural and underserved communities. *E.g.*, SAC ¶¶ 1, 43–50. In response to these allegations, ACGME's motion to dismiss essentially relies on the premise that it is above the law—that, despite the extraordinary power it wields, its decisions cannot be questioned, no matter how unfair or improperly motivated. ACGME's motion to dismiss is a longshot attempt to evade judicial scrutiny and accountability.

Regardless, ACGME's motion to dismiss does not present purely legal questions that warrant a stay. For example, there is no dispositive question of the Court's jurisdiction or venue. *Cf., e.g.*, *Silbaugh*, 2018 WL 2317555, at *1; *Ahern Rentals Inc.*, 2020 WL 8678084, at *1. ACGME instead argues that Sea Mar's due-process and contractual claims should be dismissed simply because the SAC and other pleadings do not identify a precisely analogous case from the

---

questions about the completeness of its earlier court-ordered production, *see* Dkt. # 57-2, should be simple *unless* those productions were not, in fact, complete.

[2] The pending motion is noted for consideration two weeks from now. The Court is thus being asked to take on faith that staying discovery is appropriate under these circumstances.

OPP'N TO MOT. FOR PROTECTIVE ORDER &
TO STAY DISCOVERY – 6
(No. C24-896 JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

170922039

Ninth Circuit or the Washington Supreme Court, *see* Dkt. # 55 at pp. 12–14, 20–21; Dkt. # 56 at p. 5—an argument that leads one to wonder how legitimate matters of first impression are ever presented by a complaint to a federal court. Notably, ACGME's motion lacks a Ninth Circuit or Washington Supreme Court case *foreclosing* either a common-law due-process claim to challenge accreditation removal or an accreditation-based contractual claim decided under Washington law—and, indeed, it appears no such authority exists. Consistent with state and federal caselaw from courts across the nation, the Court may well recognize the legal viability of these claims, especially given the Washington Supreme Court's recognition that private organizations owe their members basic due-process rights, *see Schroeder v. Meridian Improvement Club*, 36 Wn.2d 925, 933 (Wash. 1950), and the egregious and pervasive nature of ACGME's misconduct described in the SAC, *see* SAC ¶¶ 83–143.

The remainder of ACGME's dismissal arguments are *factual*, not legal. For instance, with respect to Sea Mar's Consumer Protection Act ("CPA") claim, ACGME does not (and cannot) argue that such a claim is not cognizable, so it suggests instead that Sea Mar has failed to plead facts sufficient to establish an unfair practice and an effect on the public interest. *See* Dkt. # 55 at pp. 17–20. Whether a plaintiff has sufficiently pleaded a claim is, of course, a wholly different question from whether that claim is facially viable as a matter of law. And even if ACGME were able to persuasively argue that Sea Mar's SAC does not allege a sufficient CPA claim, hornbook principles of civil procedure would permit Sea Mar to amend and potentially seek discovery related to those allegations. *See, e.g.*, *Wholesaler Equity Dev. Corp. v. Bargreen*, No. C20-1095RSM, 2022 WL 1641620, at *2 (W.D. Wash. May 24, 2022) (granting leave to amend to cure deficiencies in complaint).

This same dynamic applies to ACGME's arguments about Sea Mar's other claims. Whether "Sea Mar has [an] underlying contract with the ACGME," Dkt. # 55 at p. 20, involves questions of law *and fact*, *see P.E. Sys., LLC v. CPI Corp.*, 176 Wn.2d 198, 207 (Wash. 2012). And ACGME's merits defense to Sea Mar's due-process claims relies on its incorrect assumption

OPP'N TO MOT. FOR PROTECTIVE ORDER &
TO STAY DISCOVERY – 7
(No. C24-896 JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

170922039

1  that the Court's review "would focus narrowly on whether [ACGME] followed its own rules,"
2  Dkt. # 55 at p. 15–16 (cleaned up)—an inappropriately circumscribed view of common-law due
3  process that ignores the wealth of caselaw extending the inquiry to, among other issues, "whether
4  the accrediting body's internal rules provide[d] a fair and impartial procedure." *Pro. Massage*
5  *Training Ctr., Inc. v. Accreditation All. of Career Schs. & Colls.*, 781 F.3d 161, 172 (4th Cir. 2015)
6  (alteration in original) (quoting *Wilfred Acad. of Hair & Beauty Culture v. S. Ass'n of Colls. &*
7  *Schs.*, 957 F.2d 210, 214 (5th Cir. 1992)); *see also, e.g.*, *Thomas M. Cooley L. Sch. v. ABA*, 459
8  F.3d 705, 712–13 (6th Cir. 2006) (courts further review "whether the decision of an accrediting
9  agency . . . is arbitrary and unreasonable or an abuse of discretion and whether the decision is
10 based on substantial evidence"). Whether Sea Mar pleaded a sufficient common-law due-process
11 claim hinges on a host of factual allegations that go far beyond ACGME's self-serving arguments.
12 And, again, if required allegations are missing, then amendment and potentially more discovery—
13 *not* outright dismissal—is the appropriate outcome.

14    In sum, because ACGME's "arguments seem to go at whether the specific facts and level
15 of detail alleged are sufficient to state a claim, rather than purely legal issues that cannot be
16 resolved by discovery of further facts," a stay of discovery is not warranted. *HUB Int'l*, 2023 WL
17 2527150, at *3 (denying stay).

18    **B.    ACGME is not harmed by discovery.**

19    ACGME makes no attempt to assert that it will be harmed by Sea Mar's future discovery
20 requests—because it can't. Before filing its motion to stay discovery, ACGME already indicated
21 (and Sea Mar agrees) that discovery in this case will be uncomplicated and straightforward. *See*
22 Dkt. # 40 at p. 3 ("The ACGME anticipates discovery related to Sea Mar's allegations, claims, and
23 asserted damages."); *id.* ("Sea Mar anticipates normal fact and expert discovery."). Sea Mar's three
24 pending RFPs, *see* Dkt. # 33-1 (original discovery requests), Dkt. # 57-2 (seeking outstanding
25 discovery), fall in line with the parties' expectations; the requests seek documents related to
26 ACGME's site visit of Sea Mar's Family Medicine Residency Program and the Withdrawal-of-

OPP'N TO MOT. FOR PROTECTIVE ORDER &
TO STAY DISCOVERY – 8
(No. C24-896 JNW)

170922039

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Accreditation Decision, both of which are unquestionably relevant to the case, and future discovery requests would follow suit. This case does not involve the kind of "broad, time-consuming, and expensive" discovery that is present in, for example, antitrust cases. *Subspace Omega, LLC*, 2024 WL 4451404, at *2.

Perhaps recognizing as much, ACGME does not argue that discovery will be time consuming, expensive, or otherwise burdensome in any way. Instead, it speculates as to why future discovery might be inequitable based on the pending requests. But ACGME's reasons only hold true if it has already decided it will ignore the Court's order requiring the parties to meet and confer over discovery disputes. *See* Chambers Procedures § 3.1; Local Rules W.D. Wash. LCR 26(c)(1). For example, ACGME suggests that Sea Mar's pending requests are overbroad. Dkt. # 56 at p. 8. But ACGME can object and then meet and confer with Sea Mar to address its concerns; so far, ACGME has done neither. Hawley Decl. ¶¶ 3–4. ACGME's argument related to RFP No. 1, *see* Dkt. # 56 at p. 7, could similarly be dealt with through objections and the meet-and-confer process, especially given its baselessness: If a "document or communication has no unique relation to the decision to withdraw Sea Mar's accreditation," *id.*, then presumably it's not "related to" Sea Mar's case in a way that would be responsive to Sea Mar's request. But ACGME failed to address this perceived overbreadth with Sea Mar—except through the instant motion. Without engaging in the Court's required conferral process, ACGME's imagined inequities should not be credited. *See, e.g.*, *Swinerton Builders*, 2024 WL 5202519, at *1–2 (denying discovery motion where moving party failed to sufficiently meet and confer).

Finally, ACGME's efforts to limit this Court's review and Sea Mar's discovery to the "record that was considered by the accrediting agency at the time of the final decision" should also be rejected. *See* Dkt. # 56 at p. 7 (citing *Pro. Massage*, 781 F.3d at 174–75). ACGME seeks to hide the deficiencies of its investigation and decision by limiting discovery only to a self-curated file that was presented to its Review Committee for Family Medicine, appeals panel, and Board of Directors. Evidence of the investigation's pervasive omissions, unfounded assumptions, guileless

OPP'N TO MOT. FOR PROTECTIVE ORDER &
TO STAY DISCOVERY – 9
(No. C24-896 JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

170922039

acceptance of baseless allegations, and stubborn refusal to undertake even the most cursory follow-up inquiry was, of course, scrubbed from that record. SAC ¶¶ 103–05. ACGME's proffered discovery limitation is designed to cloak its mistreatment of Sea Mar.

This is not a case where Sea Mar is asking the Court to supplant an accrediting body's expertise with its own judgment, and it is certainly not a case where complete deference to ACGME is required or appropriate. "[T]he extent to which deference is due to the professional judgment of [an] association will vary both with the subject matter at issue and with the degree of harm resulting from the association's action"—and "[l]ess deference may be due professional judgment when," as here, "the question is not one of substantive standards, but rather one concerning the fairness of the procedures by which the challenged determination was reached." *Marjorie Webster Junior Coll., Inc. v. Middle States Ass'n of Colls. & Secondary Schs., Inc.*, 432 F.2d 650, 655-56 & n.28 (D.C. Cir.), *cert. denied*, 400 U.S. 965 (1970). Sea Mar's document requests related to ACGME's policies and investigative bases are directly relevant to whether ACGME employed procedures that conformed to fundamental principles of fairness. Accordingly, given the egregious facts alleged here and the obvious process deficiencies pleaded in the SAC, pending and future discovery should not be limited to ACGME's self-curated files.

### C. A stay does not promote judicial economy.

ACGME wrongly posits that a stay will promote judicial resources because *some* discovery requests *might* become moot after the motion to dismiss is decided. That is legally inadequate to support a stay on its own. ACGME's motion to dismiss cannot dispose of the entire case—it does not advance compelling legal arguments and it ultimately raises factual issues that do not warrant a stay of discovery. *See supra* pp. 6–8. Moreover, *all* of Sea Mar's claims hinge on the inadequacy of ACGME procedures—as written, interpreted, and applied to Sea Mar and other residency programs. Sea Mar's claims also implicate the evidentiary sufficiency of ACGME's adverse decision and whether its ultimate determination was fundamentally unsupported, unjust, and unfair. Thus, even if one or more claims were dismissed, Sea Mar's discovery needs would remain

OPP'N TO MOT. FOR PROTECTIVE ORDER &
TO STAY DISCOVERY – 10
(No. C24-896 JNW)

170922039

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1 largely the same. Because delaying discovery under such circumstances is at odds with the speedy resolution of this case, ACGME's motion to stay discovery should be denied. *See Gray*, 133 F.R.D. at 40.

\* \* \*

Because ACGME fails to demonstrate that (1) it is likely to dispose of the case in its entirety and (2) it will suffer harm or legitimate inequity, the Court need not address the remaining factors that ACGME presents in its motion. *See PlayUp, Inc. v. Mintas*, 635 F.Supp.3d 1087, 1104 (D. Nev. Oct. 18, 2022) (citing *Mount Graham Coal. v. Thomas*, 89 F.3d 554, 558 (9th Cir. 1996)). But even if the Court balanced the hardships, there is no denying that Sea Mar will be harmed if discovery is stayed. ACGME has already used overblown allegations of harm and strategic delay to prevent Sea Mar from using discovery to make a complete presentations to the ACGME appeals panel. For example, ACGME claimed that Sea Mar's early discovery requests sought a "broad . . . universe of documents" and that ACGME could not possibly produce responsive documents within four business days. Dkt. # 33 at pp. 15–16. But ACGME ultimately produced only a limited number of documents nine business days later—after business hours on the evening before Sea Mar's written appeal presentation was due to be reviewed by Sea Mar's Graduate Medical Committee, whose approval was required under ACGME's policies. *See* Dkt. # 24-1 at pp. 6–7. Sea Mar should be permitted to develop its case in an orderly manner and without the delay tactics it has already experienced—and that this motion portends.

## CONCLUSION

For the foregoing reasons, ACGME's motion should be denied.

OPP'N TO MOT. FOR PROTECTIVE ORDER &
TO STAY DISCOVERY – 11
(No. C24-896 JNW)

170922039

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

* * *

The undersigned certifies that this opposition contains 4,028 words, in compliance with the Local Civil Rules.

Dated: February 14, 2025

By: *s/ David B. Robbins*
David B. Robbins, WSBA No. 13628
Matthew P. Gordon, WSBA No. 41128
Cara V. Wallace, WSBA No. 50111
Jonathan P. Hawley, WSBA No. 56297
Juliana L. Bennington, WSBA No. 60357
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
DRobbins@perkinscoie.com
MGordon@perkinscoie.com
CWallace@perkinscoie.com
JHawley@perkinscoie.com
JBennington@perkinscoie.com

Adrianna Simonelli, WSBA No. 58472
**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile: +1.503.727.2222
ASimonelli@perkinscoie.com

*Attorneys for Plaintiff*
*Sea Mar Community Health Centers*

OPP'N TO MOT. FOR PROTECTIVE ORDER &
TO STAY DISCOVERY – 12
(No. C24-896 JNW)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

170922039

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on February 14, 2025, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: February 14, 2025

*s/ David B. Robbins*
David B. Robbins

CERTIFICATE OF SERVICE
(No. C24-896 JNW)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

170922039