UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEA MAR COMMUNITY HEALTH CENTERS,<br><br>                Plaintiff,<br><br>   v.<br><br>ACCREDITATION COUNCIL FOR GRADUATE MEDICAL EDUCATION,<br><br>                Defendant. | CASE NO. 2:24-cv-896<br><br>ORDER ON MOTIONS TO SEAL |

      This matter comes before the Court on Plaintiff Sea Mar Community Health Centers' ("Sea Mar") motions to seal its First and Second Amended Complaints, Dkt. Nos. 43 and 49. Dkt. Nos. 41, 47. Although Sea Mar is the moving party, it "believes that the sealing of the [complaints] is neither warranted under the circumstances nor in the public interest, and that the Court's presumption of public access should ultimately control here." Dkt. No. 47 at 1. But Sea Mar moves to seal nevertheless because the complaints reference materials Defendant Accreditation Council for Graduate Medical Education ("the Council") designated and produced as confidential. *Id.*

In response, the Council requests surgical intervention: redacting just five-words in each complaint that identify the voluntary Review Committee members who evaluated Sea Mar's program during the accreditation process. *Id.* The Council contends that their anonymity enables candid and independent reviews, which preserves the integrity of the accreditation process. *Id.* at 4

"There is a strong presumption of public access to the court's files." LCR 5(g). A motion to seal a document must include: "[a] certification that the party has met and conferred with all other parties[,]" and explored other alternatives, and "[a] specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: . . . the legitimate private or public interests that warrant the relief sought; . . . the injury that will result if the relief sought is not granted; and . . . why a less restrictive alternative to the relief sought is not sufficient[.]" LCR 5(g)(3)(A)-(B). "[T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (cleaned up). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180.

While the public has a strong interest in understanding the accreditation process for healthcare providers, that interest does not extend to knowing the exact identities of the voluntary Review Committee members. The Council's interest in fostering honest and independent appraisals outweighs the minimal public benefit of disclosure.

ORDER ON MOTIONS TO SEAL - 2

Accordingly, the Court GRANTS the motions to seal in part and orders Sea Mar to refile its First and Second Amended Complaints with only the five-word phrases redacted from paragraph 95 of the Second Amended Complaint and paragraph 82 of the First Amended Complaint.

Dated this 18th day of February, 2025.

Jamal N. Whitehead
United States District Judge