THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

SEA MAR COMMUNITY HEALTH CENTERS,

Plaintiff,

v.

ACCREDITATION COUNCIL FOR GRADUATE MEDICAL EDUCATION,

Defendant.

Case No. 2:24-cv-00896-JNW

**MOTION TO SEAL CONFIDENTIAL MATERIALS SUBMITTED WITH DEFENDANT'S MOTION TO COMPEL**

NOTE ON MOTION CALENDAR:
JULY 15, 2026

## I. INTRODUCTION

Defendant the Accreditation Council for Graduate Medical Education (the "ACGME") and Plaintiff Sea Mar Community Health Centers presented a joint submission under LCR 37 to this Court to address certain discovery disputes raised by the ACGME. The joint submission and declarations submitted by both parties in support of their respective positions include documents that have been marked as confidential by each party. Pursuant to LCR 5(g) and to protect the confidentiality of this information, the ACGME moves to seal Exhibits 11B, 11C, 13 16, 17, 18, 23, 29, and 30 to the Declaration of Patrick Nutter (the "Nutter Declaration"), Exhibits 1, 3-7 to the Declaration of Conrad Sproul (the "Sproul Declaration"), and certain lines in the parties' joint submission. Disclosure of this confidential material is unnecessary for the public's understanding of the proceedings and could cause significant harm to the ACGME and third parties.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

## II. BACKGROUND AND CONFERRAL HISTORY

Throughout discovery, both the ACGME and Sea Mar have designated certain materials as confidential pursuant to the Amended Protective Order entered in this matter. *See* Dkt. 82. On June 22, 2026, the parties conferred via video conference to discuss the confidential designations in the exhibits accompanying the respective declarations. Jonathan Hawley and Conrad Sproul participated in the conference for Sea Mar and Majid Wadeed, Jordan Morris, and Jenna Poligo for the ACGME. During the conference, both sides confirmed their preference that their respective documents be filed under seal, but agreed to assess whether the confidential materials in certain documents may be redacted and whether any documents deemed confidential may be filed on the public docket. The parties agreed to exchange lists of confidential documents and proposed redactions by noon on June 23, 2026. Both parties complied with this commitment.

Through this review and exchange the parties confirmed that both sides seek to redact certain portions of their joint submission to protect confidential information.[1] They also identified certain declaration exhibits that each side seeks to seal or redact. The following chart shows the declaration exhibits each side requests to have maintained under seal.[2]

| The ACGME | Sea Mar |
|---|---|
| Nutter Decl. Ex. 16 (redactions)<br>Nutter Decl. Ex. 17 (redactions)<br>Nutter Decl. Ex. 23 (redactions)<br>Nutter Decl. Ex. 29 (under seal)<br>Nutter Decl. Ex. 30 (under seal)[3]<br>Sproul Decl. Ex. 1 (under seal)<br>Sproul Decl. Ex. 3 (redactions)<br>Sproul Decl. Ex. 4 ( redactions)<br>Sproul Decl. Ex. 5 (under seal)<br>Sproul Decl. Ex. 6 (redactions)<br>Sproul Decl. Ex. 7 (redactions) | Nutter Decl. Ex. 11B (under seal)<br>Nutter Decl. Ex. 11C (under seal)<br>Nutter Decl. Ex. 13 (under seal)<br>Nutter Decl. Ex. 16 (under seal)<br>Nutter Decl. Ex. 18 (under seal) |

[1] Redactions in green are by Sea Mar and redactions in yellow are by the ACGME.
[2] As noted below and pursuant to 5(g)(3)(B), the ACGME has provisionally filed the documents identified by Sea Mar under seal but takes no position on Sea Mar's sealing request. Further, the ACGME proposed redactions to Nutter Exhibit 16 but filed it under seal in its entirety at Sea Mar's request.
[3] The ACGME produced this document as "Highly Confidential, Attorneys' Eyes Only."



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

The ACGME closely guards the confidential material it has identified and seeks to protect in connection with this submission and does not disclose it publicly in the ordinary course of business. *See generally* Declaration of Mary E. Klingensmith ("Klingensmith Decl."). As detailed below, public disclosure of the documents the ACGME seeks to seal would cause significant harm to the ACGME with no public benefit. The Court should grant the ACGME's request to seal its confidential information.

## III. <u>ARGUMENT AND AUTHORITY</u>

### A. *The ACGME's Confidential Materials Should be Sealed.*

When deciding a motion to seal, courts "start with a strong presumption in favor of access to court records." *Vance v. Amazon.com, Inc.*, No. C20-1084, 2022 WL 93331, at *1 (W.D. Wash. Jan. 10, 2022) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). This presumption is not, however, absolute and "can be overridden given sufficiently compelling reasons for doing so." *Id.* Sealing on a non-dispositive motion requires a showing of good cause under Rule 26(c). *See* Dkt. 61, Order Granting Motions to Seal at 2 (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Good cause exists where "specific prejudice or harm will result if no protective order is granted." *See Phillips ex rel. Ests. Of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2022). Here, there is good cause to maintain the confidentiality of Exhibits 16, 17, 23, 29 and 30 to the Nutter Declaration, Exhibits 1, 3-7 to the Sproul Declaration, and one redaction in the parties' joint submission to preserve the integrity of the ACGME's accreditation and review processes outweigh the general history of access and the public policies favoring disclosure. *Accord* Dkt. 61.

It is the mission of the ACGME to improve health care and population health by assessing and enhancing the quality of resident and physician education through advancements in accreditation and education. Klingensmith Decl. ¶ 3. Intrinsic to accreditation is the promotion of candor within ACGME's accreditation and accreditation review processes. *Id*. The ACGME accordingly assures confidentiality to those who participate in its accreditation and review



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

processes. *Id.* ¶¶ 4-7. This assurance enables candid reviews and accreditation decisions without fear of public reprisal or backlash. *Id.* ¶¶ 3, 8. Such candor is a necessary part of the ACGME's process. *Id.* ¶ 3.

The documents that the ACGME seeks to seal or redact all reflect different elements of the accreditation review process for Sea Mar. The information includes the names of specific reviewers and participants in the appeal, the accreditation review process, and Sea Mar's appeal. Allowing the information that the ACGME seeks to protect to become public risks disclosing confidential information about the ACGME's accreditation, review, and appeal processes through internal documents and deposition testimony. Publicly disclosing this information would cause significant harm to the ACGME and its processes. Such disclosure may, for example, breach the inherent trust that both the ACGME volunteers and educational institutions have in the ACGME's process because both participants and volunteers act pursuant to the ACGME's assurances that their identities will not be made public. Klingensmith Decl. ¶ 8. This permits the ACGME volunteers to conduct peer reviews and appeals with candor and independence. *Id.* It also allows institutions to submit detailed information regarding their programs, including self-critical information and areas for improvement, without fear of public disclosure. *Id.* Without the ability to provide that continued assurance, the ACGME may be unable to retain current volunteers, recruit new volunteers, or ensure credibility in its ability to maintain full candor in its accreditation and review process. *Id.* ¶¶ 8, 9-10. On the other hand, there is little public need for public disclosure of these materials that relate specifically to the accreditation review of and appeal by Sea Mar and the proposed sealing does not limit the public's access to the substance of the parties' claims in this discovery dispute.

There is no less restrictive alternative to the ACGME's proposed sealing. In accordance with LCR 5(g)(3)(B)(iii), the ACGME has proposed one redaction the parties' LCR 37 submission and redactions to Nutter Declaration Exhibits 17 and 23 and Sproul Declaration Exhibits 3, 4, 6, and 7. The remaining four documents have been filed under seal because redactions are not



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

feasible. Allowing the subject documents to be sealed and free from public disclosure is the least restrictive means to avoid potentially significant harm to the ACGME and the integrity of its processes. It also furthers the compelling interest of protecting the ACGME's volunteers who are not parties to this litigation. There is no less restrictive alternative than to permit the redacting and sealing of these documents to protect the ACGME's processes and the confidential material submitted thereunder and to avoid the potential harm that would befall the ACGME if this information was disclosed.

**B. *The ACGME Takes No Position on Sea Mar's Confidential Documents.***

Pursuant to LCR 5(g)(3)(B), the ACGME takes no position on the documents over which Sea Mar claims confidentiality pursuant to the parties' Stipulated Amended Protective Order. Following the parties' conferral on June 22, 2026 and confirmation of confidentiality designations on June 23, 2026, the ACGME filed Exhibits 11B, 11C, 13, 16, and 18 the Nutter Declaration under seal to allow Sea Mar to carry its burden to demonstrate that such documents should remain under seal pursuant to LCR 5(g)(3)(B). The ACGME takes no position on the sealing of Sea Mar's confidential documents.

## IV. <u>CONCLUSION</u>

Good cause exists to seal the confidential exhibits submitted with Declarations of Patrick Nutter and Conrad Sproul that reflect the ACGME's confidential materials. The ACGME accordingly requests that the Court grant its motion and seal the redaction portions of the parties' Joint LCR 37 submission, Exhibits 16, 17, 23, 29, and 30 to the Declaration of Patrick Nutter and Exhibits 1, 3-7 to the Declaration of Conrad Sproul.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

*I certify that this memorandum contains 1,491 words, in compliance with the Local Civil Rules.*

DATED: June 24, 2026

STOEL RIVES LLP

/s/ Jenna M. Poligo
Vanessa Soriano Power, WSBA No. 30777
vanessa.power@stoel.com
Jenna M. Poligo, WSBA No. 54466
jenna.poligo@stoel.com
600 University Street, Suite 3400
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

COVINGTON & BURLING LLP

Nathan E. Shafroth (*pro hac vice*)
nshafroth@cov.com
W. Douglas Sprague (*pro hac vice*)
dsprague@cov.com
Majid Waheed (*pro hac vice*)
mwaheed@cov.com
415 Misson Street, Suite 5400
San Francisco, CA 94105
Telephone: 415.591.6000

Patrick W. Nutter (pro hac vice)
pnutter@cov.com
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: 424.303.4643

Nicholas G. Miller (*pro hac vice*)
nmiller@cov.com
620 Eighth Ave.
New York, NY 10018
Telephone: 212.841.1000

*Attorneys for Defendant ACGME*