The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEA MAR COMMUNITY HEALTH CENTERS,

Plaintiff,

v.

ACCREDITATION COUNCIL FOR GRADUATE MEDICAL EDUCATION,

Defendant.

Case No. 2:24-CV-00896

**DECLARATION OF PATRICK W. NUTTER IN SUPPORT OF DEFENDANT THE ACGME'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS REGARDING PATIENT ENDANGERMENT, ADVERSE PATIENT OUTCOMES, OR CONCERN FOR PATIENT SAFETY**

I, Patrick W. Nutter, declare as follows:

1.    I am attorney with the law firm Covington & Burling LLP.  I am admitted pro hac vice in the above-captioned matter and am counsel of record for defendant Accreditation Council of Graduate Medical Education ("ACGME").  I have personal knowledge of the following facts and could and would testify as to them if called to do so.

2.    I hereby certify under Local Rule 37 that I, in good faith, conferred with counsel for Plaintiff Sea Mar Community Health Centers ("Sea Mar") in an effort to resolve the dispute without court action. As described below, our conferences took place via video teleconference on May 28, 2026.

DECLARATION OF PATRICK W. NUTTER IN SUPPORT OF DEFENDANT THE ACGME'S OPPOSITION TO PLAINTIFF SEA MAR'S MOTION TO COMPEL DISCOVERY - 1
(No. 2:24-CV-00896-JNW)

3. On April 14, 2026, Majid Waheed, counsel for the ACGME, sent a letter to counsel for Sea Mar regarding multiple requests for production, a true and correct copy of which is attached hereto as **Exhibit 36**.

4. On April 21, 2026, counsel for ACGME sent another letter to counsel for Sea Mar regarding multiple requests for production, a true and correct copy of which is attached hereto as **Exhibit 37**.

5. On May 13, 2026, counsel for Sea Mar responded to the ACGME's April 14, 2026 letter with a letter of their own, a true and correct copy of which is attached hereto as **Exhibit 38**.

6. Sea Mar served its responses and objections to the ACGME's third set of requests for production or second set of interrogatories on May 14, 2026.

7. On May 20, 2026, I sent via email a letter to counsel for Sea Mar, a true and correct copy of which is attached hereto as **Exhibit 39**, in response to Sea Mar's responses and objections to the ACGME's third set of requests for production.

8. On May 22, 2026, Vanessa Power, Majid Waheed, Jordan Morris, counsel for the ACGME, and I conferred with counsel for Sea Mar Cara Wallace and Conrad Sproul. The parties discussed the ACGME's Request Nos. 18, 19, 36, and 37 and, at the conclusion of the discussion, the ACGME agreed to produce additional search terms.

9. My recollection of the conferral on May 22, 2026, as provided in summaries to counsel for Sea Mar, is included in **Exhibit 40** at pages 7-11, a true and correct copy of which is attached hereto.

10. A true and correct copy of an email from Sea Mar counsel on May 26, 2026, regarding Request Nos. 18, 19, 36, and 37, is included in Exhibit 40 at pages 4-5.

11. A true and correct copy of an email I sent on May 28, 2026 in response to Sea Mar counsel is included in Exhibit 40 at pages 1-3.

12. Majid Waheed, Samar Amidi, Jordan Morris, counsel for the ACGME, and I appeared for the meet and confer on Thursday, May 28, 2026. Cara Wallace and Conrad Sproul

DECLARATION OF PATRICK W. NUTTER IN SUPPORT OF DEFENDANT THE ACGME'S OPPOSITION TO PLAINTIFF SEA MAR'S MOTION TO COMPEL DISCOVERY - 2
(No. 2:24-CV-00896-JNW)

appeared for Sea Mar. During our discussion of Request No. 18, Ms. Wallace stated "a lot of the documents that you asked for like the incident reports and case evaluations" "are privileged and don't have to be disclosed," citing RCW 43.75.10. I explained that the ACGME's position was that the civil discovery limitation to which Ms. Wallace referred did not apply in this instance and requested authority from Sea Mar indicating that it did. Ms. Wallace responded that "we won't change our position." Mr. Waheed inquired as to whether Sea Mar's position applied to any document related to patient safety, incident reports, and causation analyses. Ms. Wallace responded affirmatively, confirming that Sea Mar's position was that all documents of that kind were privileged. My recollection of the conversation, as relayed to counsel for Sea Mar on May 29, 2026, is included in a true and correct copy of which is attached as **Exhibit 31** to the Declaration of P. Nutter in Support of the ACGME's Motion to Compel ESI. *See* Dkt. Nos. 96, 97.

13. On May 29, 2026, I emailed counsel for Sea Mar summarizing the parties' perspectives from our conferral on May 28, 2026, a true and correct copy of which is attached hereto as **Exhibit 41**.

14. On June 1, 2026, counsel from Sea Mar provided via email a letter from attorney Cara Wallace, a true and correct copy of which is attached hereto as **Exhibit 42**. Therein, Ms. Wallce confirmed Sea Mar's position that "patient safety reports, QI case evaluation forms, incident reports, root causes analyses, or High Reliability Platform records" "are protected from civil discovery by the Washington state QI privilege," citing RCW 43.70.510(4).

15. On June 1, 2026, counsel from Sea Mar provided via email a letter from attorney Cara Wallace discussing proposed search terms, a true and correct copy of which is attached hereto as **Exhibit 43**.

16. On June 5, 2026, I responded to counsel for Sea Mar via email regarding Sea Mar's June 1 letter. A true and correct copy of my June 5, 2026 email is attached hereto as **Exhibit 41**.

DECLARATION OF PATRICK W. NUTTER IN SUPPORT OF DEFENDANT THE ACGME'S OPPOSITION TO PLAINTIFF SEA MAR'S MOTION TO COMPEL DISCOVERY - 3
(No. 2:24-CV-00896-JNW)

17.     Counsel for Sea Mar responded to my June 5, 2026 email on June 9, 2026, a true and correct copy of which is attached hereto as Exhibit 41 at pages 5-7. Within that email, counsel for Sea Mar confirmed that "Sea Mar has already stated its general position on the Quality Improvement privilege issue in its June 1 letter."

**a.  Requests for Production Relevant to the ACGME's Motion to Compel**

18.     The ACGME's motion to compel production of documents from residents' custodial files involves the following requests for production (Nos. 18, 19, 22, 36, and 37) and Sea mar's responses and objections, as reproduced in full below.

| Requests for Production Regarding Patient Safety Documents | | | |
|---|---|---|---|
| **Set** | **Req.** | **Request** | **Response and Objection** |
| 1 | 18 | All Documents and Communications concerning, discussing, regarding, reporting, or alleging patient endangerment, Adverse Patient Outcomes, or concern for patient safety during or resulting from patient care within the Program, and actions taken in response. | Sea Mar objects to Request No. 18 as overly broad, unduly burdensome, and disproportionate to the needs of this case because it indiscriminately seeks irrelevant patient health information as virtually all patient encounters involve "concern for patient safety during or resulting from patient care." Sea Mar also objects that the Request is overbroad and unduly burdensome because it encompasses documents and communications that are not relevant to the Withdrawal-of-Accreditation Decision; the field representatives identified no Adverse Patient Outcomes or patient endangerment events during their investigation. Further, only Citation No. 34 concerns alleged "negative patient outcomes" related to supervision of residents during inpatient rotations, while this Request purports to encompass outpatient clinical care. Further, none of the Citations reference any alleged "patient endangerment" or "patient safety" documents and communications about the same are not relevant to this litigation. Sea Mar also objects to this Request to the extent it calls for information protected by the attorney-client privilege, work-product doctrine, Washington state peer review statutory confidentiality and discovery protections, or other available privileges. Documents and communications concerning alleged patient endangerment, Adverse Patient Outcomes, or concern for patient safety during or resulting from patient care within the Program the that were created, sent, or received in connection with Sea Mar's preparation for its administrative appeal of the Withdrawal-of-Accreditation Decision, and that proceeded at the direction of, under the supervision of, and with the assistance of Sea Mar's legal counsel—except for those documents produced to the ACGME Appeals Panel—are privileged and work-product protected. Subject to and without waiving these objections, Sea Mar is willing to meet and confer to discuss |

DECLARATION OF PATRICK W. NUTTER IN SUPPORT OF DEFENDANT THE ACGME'S OPPOSITION TO PLAINTIFF SEA MAR'S MOTION TO COMPEL DISCOVERY - 4
(No. 2:24-CV-00896-JNW)

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

| Requests for Production Regarding Patient Safety Documents | | | |
|---|---|---|---|
| Set | Req. | Request | Response and Objection |
| | | | the potential relevancy of said assessment, evaluation, or analysis to this litigation. |
| 1 | 19 | All Documents and Communications concerning, discussing, regarding, reporting, or describing faculty supervision of the Program's residents, including but not limited to allegations of inadequate faculty supervision. | Sea Mar objects to Request No. 19 as overly broad, vague, unduly burdensome, and disproportionate to the needs of this case because it seeks virtually all documents and communications that reflect or relate to faculty-resident interaction in a clinical or didactic setting, the vast majority of which are not relevant to the Withdrawal-of-Accreditation Decision. Sea Mar also objects to this Request to the extent it calls for information protected by the attorney-client privilege, work-product doctrine, or other available privilege. Documents and communications concerning faculty supervision that were created, sent, or received in connection with Sea Mar's preparation for its administrative appeal of the Withdrawal-of-Accreditation Decision, and that proceeded at the direction of, under the supervision of, and with the assistance of Sea Mar's legal counsel—except for those documents produced to the ACGME Appeals Panel—are privileged and work-product protected. Subject to and without waiving these objections, Sea Mar is willing to meet and confer to discuss which subset of this data might be relevant to this litigation and thus may be subject to production. |
| 1 | 22 | All Documents and Communications concerning, discussing, or regarding any efforts to improve the quality of the Program, including but not limited to quality assessments, audits, and performance improvement plans, and any actions taken in response. | Sea Mar objects to Request No. 22 as overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks "[a]ll" documents or communications when a subset of documents and communications from a subset of custodians (for example, members of Sea Mar's Program Administration) are proportionate to the needs of the case and is consistent with the ESI protocol the parties are contemplating. Further, Sea Mar objects to Request No. 22 to the extent it is over broad, vague and unintelligible as all documents about the program may reflect "efforts to improve the quality" of the Sea Mar FMRP, the vast majority of which are not relevant to the Withdrawal-of-Accreditation Decision. Sea Mar also objects to this Request to the extent it calls for information protected by the attorney-client privilege, work-product doctrine, Washington state quality improvement statutory privilege or other available privilege. Documents and communications concerning programmatic improvements that were created, sent, or received in connection with Sea Mar's preparation for its administrative appeal of the Withdrawal-of-Accreditation Decision, and that proceeded at the direction of, under the supervision of, and with the assistance of Sea Mar's legal counsel—except for those documents produced to the ACGME Appeals Panel—are privileged and work-product protected. Subject to and without waiving these objections, Sea Mar produced SEAMAR_0000001– |

DECLARATION OF PATRICK W. NUTTER IN SUPPORT OF DEFENDANT THE ACGME'S OPPOSITION TO PLAINTIFF SEA MAR'S MOTION TO COMPEL DISCOVERY - 5
(No. 2:24-CV-00896-JNW)

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

| Requests for Production Regarding Patient Safety Documents | | | |
|---|---|---|---|
| **Set** | **Req.** | **Request** | **Response and Objection** |
| | | | SEAMAR_0000920 and is willing to meet and confer to discuss the subset of possibly responsive data that might be relevant to this litigation and thus subject to production. |
| 3 | 36 | All Documents and Communications regarding Julio Jimenez's administration of the Everett clinical site, including but not limited to allegations of patient endangerment and inadequate clinical supervision of the Program's residents. | Sea Mar objects to Request No. 36 as vague and ambiguous because "administration" and "the Everett clinical site" are ambiguous and undefined. Sea Mar construes this Request as seeking documents and communications regarding Julio Jimenez's position as Site Director of the Optum Care Washington Site (formerly known as The Everett Clinic) (the "Site"). Sea Mar also objects to this Request as seeking documents outside Sea Mar's possession, custody, or control to the extent it seeks documents under the control of Optum Care Washington. Sea Mar further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, because every document related to the Everett clinical site is arguably "regarding Julio Jimenez's administration" thereof. Yet most of those documents are unlikely to be relevant to the Withdrawal-of-Accreditation Decision and thus are not relevant to the issues or defense in this litigation. Sea Mar interprets the Request to seek only the specific categories of communications enumerated after "including." Sea Mar also objects to the Request as overbroad because it seeks "[a]ll" documents or communications when a subset of documents and communications from a subset of custodians (for example, members of Sea Mar's Program Administration) are proportionate to the needs of the case and consistent with the stipulated ESI protocol. Sea Mar further objects to this Request as overbroad to the extent it seeks information beyond the 2022–2023 and 2023–2024 residency years. Documents regarding Julio Jimenez's administration of the Site from years before the 2022–2023 and 2023–2024 residency years are not relevant to the Withdrawal of Accreditation Decision. Sea Mar also objects to this Request as being duplicative of Request for Production No. 8, which seeks documents and communications regarding concerns, complaints, or feedback about the employment of Julio Jimenez; No. 18, which seeks documents and communications related to patient safety; and No. 19, which seeks documents and communications related to adequacy of resident supervision. Sea Mar will not search twice for the same information. Sea Mar further objects to this Request to the extent it calls for information protected by the attorney-client privilege, work-product doctrine, Washington state peer review or quality improvement statutory confidentiality and discovery protections, or other available privileges. Documents and communications that were created, sent, or received in connection with Sea Mar's preparation for its administrative appeal of the Withdrawal-of-Accreditation |

DECLARATION OF PATRICK W. NUTTER IN SUPPORT OF DEFENDANT THE ACGME'S OPPOSITION TO PLAINTIFF SEA MAR'S MOTION TO COMPEL DISCOVERY - 6
(No. 2:24-CV-00896-JNW)

**STOEL RIVES** LLP
**ATTORNEYS**
**600 University Street, Suite 3600, Seattle, WA  98101**
*Telephone 206.624.0900*

| Requests for Production Regarding Patient Safety Documents | | | |
|---|---|---|---|
| Set | Req. | Request | Response and Objection |
| | | | Decision, and that proceeded at the direction of, under the supervision of, and with the assistance of Sea Mar's legal counsel—except for those documents produced to the ACGME Appeals Panel—are privileged and work-product protected.<br>Subject to and without waiving these objections, Sea Mar is willing to meet and confer to discuss the potential relevancy and proportionality of this Request. |
| 3 | 37 | All Documents and Communications regarding Miguel Jimenez's administration of the Lynnwood clinical site, including but not limited to allegations of patient endangerment and inadequate clinical supervision of the Program's residents. | Sea Mar objects to Request No. 37 as vague and ambiguous because "administration" and "the Lynnwood clinical site" are ambiguous and undefined. Sea Mar construes this Request as seeking documents regarding the role of the Site Director at the SMCH-Lynnwood site. Sea Mar also objects to this Request to the extent that it seeks documents outside Sea Mar's possession, custody, or control. Sea Mar further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case, because every document related to the "Lynnwood clinical site" would arguably be "regarding Miguel Jimenez's administration" thereof. Yet most of those are unlikely to be relevant to the Withdrawal-of-Accreditation Decision and thus would not be relevant to the issues or defense in this litigation. Sea Mar interprets the Request to seek only the specific categories of communications enumerated after "including." Sea Mar also objects to the Request as overbroad because it seeks "[a]ll" documents or communications when a subset of documents and communications from a subset of custodians (for example, members of Sea Mar's Program Administration) are proportionate to the needs of the case and consistent with the stipulated ESI protocol. Sea Mar further objects to this Request as overbroad to the extent it seeks information beyond the 2022–2023 and 2023–2024 residency years. Documents regarding Miguel Jimenez's administration of the "Lynnwood clinical site" from years before the 2022–2023 and 2023–2024 residency years would not be relevant to the Withdrawal of Accreditation Decision. Sea Mar further objects to this Request as being duplicative of Request for Production No. 8, which seeks documents and communications regarding concerns, complaints, or feedback about the employment of Miguel Jimenez; No. 18, which seeks documents and communications related to patient safety; and No. 19, which seeks documents and communications related to adequacy of resident supervision. Sea Mar will not search twice for the same information. Sea Mar also objects to this Request to the extent it calls for information protected by the attorney-client privilege, work product doctrine, Washington state peer review or quality improvement statutory confidentiality and discovery protections, or other available privileges. Documents and |

DECLARATION OF PATRICK W. NUTTER IN SUPPORT OF DEFENDANT THE ACGME'S OPPOSITION TO PLAINTIFF SEA MAR'S MOTION TO COMPEL DISCOVERY - 7
(No. 2:24-CV-00896-JNW)

**STOEL RIVES** LLP<br>ATTORNEYS<br>600 University Street, Suite 3600, Seattle, WA  98101<br>Telephone 206.624.0900

| Requests for Production Regarding Patient Safety Documents | | | |
|---|---|---|---|
| **Set** | **Req.** | **Request** | **Response and Objection** |
| | | | communications that were created, sent, or received in connection with Sea Mar's preparation for its administrative appeal of the Withdrawal-of-Accreditation Decision, and that proceeded at the direction of, under the supervision of, and with the assistance of Sea Mar's legal counsel—except for those documents produced to the ACGME Appeals Panel—are privileged and work-product protected. Sea Mar also objects to this Request to the extent it calls for protected health information or personally identifiable information of third parties. Subject to and without waiving these objections, Sea Mar is willing to meet and confer to discuss the potential relevancy and proportionality of this Request. |

I declare under penalty of perjury the foregoing is true and correct. Executed on the below date in Seattle, Washington.

Dated: June 24, 2026

/s/ Patrick W. Nutter
Patrick W. Nutter

DECLARATION OF PATRICK W. NUTTER IN SUPPORT OF DEFENDANT THE ACGME'S OPPOSITION TO PLAINTIFF SEA MAR'S MOTION TO COMPEL DISCOVERY - 8
(No. 2:24-CV-00896-JNW)