# Exhibit 40

**From:** Nutter, Patrick
**To:** "Sproul, Conrad (Perkins Coie)"; Hawley, Jonathan (Perkins Coie); Power, Vanessa Soriano; Poligo, Jenna M.; Sprague, Doug; Shafroth, Nathan; Waheed, Majid; Morris, Jordan; Hoffman, Paris
**Cc:** Robbins, David B. (Perkins Coie); Gordon, Matthew P. (Perkins Coie); Bennington, Juliana (Perkins Coie); Marino, Trisha (Perkins Coie); Williams, James F. (Perkins Coie); Wallace, Cara V. (Perkins Coie)
**Subject:** RE: Sea Mar v. ACGME - Sea Mar"s Responses and Objections re Interrogatories (Set 2) and RFPs (Set 3)
**Date:** Thursday, May 28, 2026 1:05:21 AM
**Attachments:** image001.png

---

Cara and Conrad,

Thank you for circling back on RFPs 36 and 37 and for the case law you sent on Friday, May 22. For the reasons discussed below and based on your correspondence, we agree that we are at an impasse on RFPs 36 and 37. We will look out for your correspondence on the other requests.

We also include below our interpretation of the two cases Cara helpfully shared on possession, custody, or control. We also agree we are at an impasse on RFP 35.

**The ACGME's Search Terms Proposal**

We do not agree that RFPs 36 and 37 are facially overbroad. Nevertheless, we have given careful thought about how to reach a compromise and in that spirit discussed the types of documents we were looking for, during the meet and confer and after, and at your request. You asked us to follow up in writing and we did so with an offer of search terms that coincide with the documents we are looking for and the types of documents we conveyed to you on the call. Those search terms were:

> ((Julio or Miguel) w/4 Jimenez) and (Everett or Lynwood) and (supervis* or unsupervised or safe* or unsafe or danger* or complain* or grievance* or precept* or ("15 min*") or ("30 min*") or oversched* or over-sched* or "clinic numbers") and (residen* or patient*)

We are confused by your suggestion that the term "'(residen* or patient*)' is much too broad." You explain that "there are of course many documents discussing 'patients' at the specific Everett clinic for which Julio Jimenez was the site director that have nothing to do with the residency program." Even if that were true, we did not propose running "(residen* or patient*)" in isolation, as your email seems to suggest.

Rather, we proposed running "(residen* or patient*)" in a string with three "and" operators that would restrict the search considerably to documents that mention <(residen* or patient*) ***and*** (Julio or Miguel) w/4 Jimenez) ***and*** (Everett or Lynwood) ***and*** (supervis* or unsupervised or safe* or unsafe or danger* or complain* or grievance* or precept* or ("15 min*") or ("30 min*") or oversched* or over-sched* or "clinic numbers")>. Far from making our proposed search "much too broad," adding "and (residen* or patient*)" ***narrows*** our proposed search.

Your email does not say that you ran the search string we proposed or discovered what hits it returned. It is also unclear, if you did so, what custodial sources or other file sources that search would run across, and what number it would yield for documents predating July 1, 2022. We therefore do not agree that our search, as proposed, would be unduly burdensome, duplicative, or

overbroad.

You contend RFPs 36 and 37 are vague and ambiguous. Any purported ambiguity about the requests would be resolved by our search term proposal, which we would consider sufficient for the request on the condition that it is run across the appropriate custodial sources and going back to June 1, 2020. In any event, Miguel Jimenez's role is not a source of ambiguity, and this is an issue we would have been willing to discuss in our meet and confer on Friday, May 22, if you had mentioned it then. The request seeks documents related to Miguel Jimenez's "administration" of Lynnwood, and "administration" is not coextensive with being a "site director" as you suggest. Miguel Jimenez was a key figure overseeing (i.e., "administering") the Lynnwood site as its "medical director" and only full-time non-resident physician. *See, e.g.*, SEAMAR_0023742 ("Miguel is our medical director" at Lynwood); SEAMAR_0021717 (Miguel Jimenez 1.0 FTE).

**Using RFPs 18 and 19 to Substitute Searches for RFPs 36 and 37**

You state below that you interpret our compromise search terms proposal to cover primarily three categories of documents—(1) allegations of patient safety issues, (2) allegations of resident supervision issues, and (3) allegations of resident over-scheduling—with respect to the Everett and Lynwood clinical sites, which were overseen respectively by Drs. Julio Jimenez and Miguel Jimenez. Without agreeing that those are, generally speaking, the only types of documents the requests cover, we agree that those three categories are covered by RFPs 36 and 37 and our proposed search terms.

We understand you take the position that two of these three categories are already captured in search terms that Sea Mar used for RFPs 18 and 19, which are themselves (and their search terms) still the subject of discussion between the parties (see below, "patient safety and resident supervision issues are already covered by the RFP 18 and 19 search terms"). As you appear to acknowledge, those terms do not capture the third category, overscheduling. If the parties disagree about the sufficiency of the search for RFPs 18 and 19, then we do not believe an insufficient search for RFPs 18 and 19 would be sufficient search for RFPs 36 and 37.

It is not clear from a review of Sea Mar's search terms for RFPs 18 and 19 that they would "already cover[]" the "patient safety and resident supervision issues" in RFPs 36 and 37. According to Sea Mar's disclosure dated March 6, 2026, those search terms are:

> (((supervision OR oversight) w/25 (inadequa* OR insufficien* OR lack OR poor OR fail*)) OR ((adverse or unexpected) w/5 outcome)) w/50 (residen* OR ACGME)

These terms do not appear to capture the types of documents the ACGME is seeking for RFPs 36 and 37. Indeed, within the universe of documents Sea Mar has already produced, our proposed search string yields documents not captured by yours for RFPs 18 and 19. It stands to reason that would also be true for documents Sea Mar has ***not yet*** produced. For example, your search terms do ***not*** reach certain documents about patient safety or staffing concerns—responsive documents that ***would*** be captured in our proposed search. *See, e.g.*, at SEAMAR_0010446 ("Program faculty turnover/understaffed"); SEAMAR_0033458 at -493 ("OB coverage is consistently a problem,

needing to pull residents on other services affects learning"); *id.* at -487 ("Not enough faculty/preceptors").

Accordingly, we confirm our position is that our search term proposal for RFPs 36 and 37 is not duplicative of what is requested in RFPs 18 and 18 or of what documents appear in the search terms that you ran for RFPs 18 and 19.

**Sea Mar's Apparent Refusal to Produce Documents Not Already "Reviewed"**

You include a search string below that is purportedly "targeted toward" the third category of documents ("the over-scheduling issue"). This search is seemingly intended to capture what you consider would be a delta between the results that searches for RFPs 18 and 19 purportedly yield (the patient safety issues and the resident supervision issues) and what RFPs 36 and 37 request (those two categories, as well as over-scheduling). However, as discussed above, we do not agree that RFPs 18 and 19 are sufficient to capture ***any*** of the three categories in RFPs 36 and 37; accordingly, we also do not agree it would be sufficient to run your proposed search string to capture any difference.

**Sea Mar's Cited Case Law for RFP 35**

Thank you for providing this case law. We disagree that the facts show no possession, custody, or control with respect to work-related communications on the personal devices or email accounts of Ricardo, Jesus, and Miguel Jimenez.

The cases you cite, *In re Citric Acid* and *Matthew Enterprise*, do not address the standards of possession or custody, either of which would be sufficient for production. As to control, specifically, our position continues to be that the facts here are distinguishable from *Matthew Enterprise* and similar authority, as we discussed on our call. First, as a preliminary matter, neither *Matthew Enterprise* nor any other authority we have so far found addresses work-related communications among employee family members, as here.

Second, Sea Mar's production demonstrates that work-related communications took place from personal email addresses; and courts have found such facts sufficient to show control under Rule 34. *See, e.g.*, *Miramontes v. Peraton, Inc.*, 2023 WL 3855603, at *5 (N.D. Tex. June 6, 2023) (messages on employee's personal phone were within defendant's possession, custody, or control); *Alter v. Rocky Point Sch. Dist.*, 2014 WL 4966119, at *10 (E.D.N.Y. Sept. 30, 2014) ("[T]o the extent that the School District employees had documents related to this matter, the information should have been preserved on whatever devices contained the information (e.g. laptops, cellphones, and any personal digital devices capable of ESI storage)."); *Union Home Mortg. Corp. v. Jenkins*, 2021 WL 1110440, at *10 (N.D. Ohio Mar. 23, 2021) (ordering production of "all relevant emails and text messages in [employees'] personal email and cell phone accounts").

We accordingly agree that we remain at an impasse on RFP 35.

**Patrick W. Nutter**

he/him/his

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 303 4806 | pnutter@cov.com
www.cov.com

---

**From:** Sproul, Conrad (Perkins Coie) <CSproul@perkinscoie.com>
**Sent:** Tuesday, May 26, 2026 7:12 PM
**To:** Nutter, Patrick <PNutter@cov.com>; Hawley, Jonathan (Perkins Coie) <JHawley@perkinscoie.com>; Power, Vanessa Soriano <vanessa.power@stoel.com>; Poligo, Jenna M. <jenna.poligo@stoel.com>; Sprague, Doug <dsprague@cov.com>; Shafroth, Nathan <nshafroth@cov.com>; Waheed, Majid <MWaheed@cov.com>; Morris, Jordan <JMorris@cov.com>; Hoffman, Paris <PHoffman@cov.com>
**Cc:** Robbins, David B. (Perkins Coie) <DRobbins@perkinscoie.com>; Gordon, Matthew P. (Perkins Coie) <MGordon@perkinscoie.com>; Bennington, Juliana (Perkins Coie) <JBennington@perkinscoie.com>; Marino, Trisha (Perkins Coie) <TMarino@perkinscoie.com>; Williams, James F. (Perkins Coie) <JWilliams@perkinscoie.com>; Wallace, Cara V. (Perkins Coie) <CWallace@perkinscoie.com>
**Subject:** RE: Sea Mar v. ACGME - Sea Mar's Responses and Objections re Interrogatories (Set 2) and RFPs (Set 3)

**[EXTERNAL]**
Patrick,

Thank you for meeting with us last week and for sending this follow-up email.

On Friday we said we'd get back to you by today with our final position on RFPs 36 and 37, so we will address those Requests first. After reviewing your follow-up regarding RFPs 36 and 37, we still believe that these Requests are facially overbroad. We asked at the meet and confer for you to explain what specific categories of documents you are looking for in response to RFPs 36 and 37. Instead, you supplied search terms. We interpret your recommended search terms to mean that you are looking for documents related to Julio and Miguel Jimenez's administration of the Everett and Lynnwood sites in three main categories: documents related to allegations of patient safety issues, allegations of resident supervision issues, and allegations of resident over-scheduling.

As we discussed at our meet and confer, patient safety and resident supervision issues are already covered by the RFP 18 and 19 search terms we are currently negotiating with Majid. To search for the same issues in response to RFPs 36 and 37 would be duplicative and overburdensome. We also reiterate our objection that the requests are vague and ambiguous.

Particularly with regard to RFP 37, we are unsure what “Miguel Jimenez’s administration of the Lynnwood clinical site” means, since “administration” and “Lynnwood clinical site” are both undefined. Miguel Jimenez was not the Director of the Sea Mar Community Health – Lynnwood site. The only site for which he was the Site Director is Providence Eldercare, which is located in Everett, not Lynnwood. Accordingly, we understand the parties are at an impasse for RFP 37.

Notwithstanding the above and subject to our objections, we have tested various ESI searches for RFP 36 targeted toward the over-scheduling issue. As written, the search terms you have proposed are extremely broad and capture many thousands of irrelevant documents. For example, the term “(residen* **or** patient*)” is much too broad—there are of course many documents discussing “patients” at the specific Everett clinic for which Julio Jimenez was the site director that have nothing to do with the residency program. Any search should be limited to documents related to residents or the residency program. We would have been willing to search and review Program Administration ESI from after July 1, 2022, using the following search terms:

> (Julio w/4 Jimenez) w/50 Everett w/50 residen* w/50 ("15 min*" OR "30 min*" OR oversched* or over-sched* OR “clinic numbers”)

Testing the above search terms revealed that all documents that they would have captured were already reviewed by Sea Mar. Since reasonably tailored search terms yield no additional documents, Sea Mar rests on its objections and will not run additional searches in response to this Request.

Tomorrow we will address your other proposed search terms and provide a written response to your May 20 Letter.

Best,

**Conrad Sproul**
**ASSOCIATE**

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.6013
CSproul@perkinscoie.com
perkinscoie.com

---

**From:** Wallace, Cara V. (SEA) <CWallace@perkinscoie.com>
**Sent:** Friday, May 22, 2026 5:17 PM
**To:** Nutter, Patrick <PNutter@cov.com>; Hawley, Jonathan (SEA) <JHawley@perkinscoie.com>;

Power, Vanessa Soriano <vanessa.power@stoel.com>; Poligo, Jenna M. <jenna.poligo@stoel.com>; Sprague, Doug <dsprague@cov.com>; Shafroth, Nathan <nshafroth@cov.com>; Waheed, Majid <MWaheed@cov.com>; Morris, Jordan <JMorris@cov.com>; Hoffman, Paris <PHoffman@cov.com>
**Cc:** Robbins, David B. (SEA) <DRobbins@perkinscoie.com>; Gordon, Matthew P. (SEA) <MGordon@perkinscoie.com>; Bennington, Juliana (SEA) <JBennington@perkinscoie.com>; Marino, Trisha (SEA) <TMarino@perkinscoie.com>; Williams, James F. (SEA) <JWilliams@perkinscoie.com>; Sproul, Conrad (SEA) <CSproul@perkinscoie.com>
**Subject:** RE: Sea Mar v. ACGME - Sea Mar's Responses and Objections re Interrogatories (Set 2) and RFPs (Set 3)

Patrick:

Received. We anticipate responding to your email below and your letter dated May 20 early next week. Without agreeing to the accuracy of the details in your email, I can confirm that we agree that the parties are at an "impasse" on RFPs 35 (with regard to Ricardo Jimenez's personal communications and Julio Jimenez's and Miguel Jimenez's communications), 42, and 44. We look forward to resolving or finishing our conferrals on the remaining disputes soon.

As a follow-up the possession, custody, or control standard, which we discussed in the context of RFP 35. While we agree that "possession, custody, or control" is a fact-dependent analysis, and there is no brightline rule regarding personal accounts/devices, the factual circumstances here do not support a finding that messages on the Jimenez brothers' personal cell phones, email accounts, etc. are within Sea Mar's possession, custody, or control. *See, e.g.*, *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) ("[c]ontrol is defined as the **legal right** to obtain documents upon demand," not a party's "practical ability to obtain the requested documents." (emphasis added)) (quoting *United States v. International Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir.1989)); *Matthew Enter., Inc. v. Chrysler Grp. LLC*, No. 13-CV-04236-BLF, 2015 WL 8482256, at *3–4 (N.D. Cal. Dec. 10, 2015) (holding that employees' personal email accounts were not within employer's control, even though "many of [the employees] use their personal accounts for business purposes," because the employer had no "legal right . . . to take back any such information now stored in personal accounts").

**Cara Wallace**
**COUNSEL**

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804

+1.206.359.3097
CWallace@perkinscoie.com
perkinscoie.com

---

**From:** Nutter, Patrick <PNutter@cov.com>
**Sent:** Friday, May 22, 2026 4:35 PM
**To:** Wallace, Cara V. (SEA) <CWallace@perkinscoie.com>; Hawley, Jonathan (SEA) <JHawley@perkinscoie.com>; Power, Vanessa Soriano <vanessa.power@stoel.com>; Poligo, Jenna M. <jenna.poligo@stoel.com>; Sprague, Doug <dsprague@cov.com>; Shafroth, Nathan <nshafroth@cov.com>; Waheed, Majid <MWaheed@cov.com>; Morris, Jordan <JMorris@cov.com>; Hoffman, Paris <PHoffman@cov.com>
**Cc:** Robbins, David B. (SEA) <DRobbins@perkinscoie.com>; Gordon, Matthew P. (SEA) <MGordon@perkinscoie.com>; Bennington, Juliana (SEA) <JBennington@perkinscoie.com>; Marino, Trisha (SEA) <TMarino@perkinscoie.com>; Williams, James F. (SEA) <JWilliams@perkinscoie.com>; Sproul, Conrad (SEA) <CSproul@perkinscoie.com>
**Subject:** RE: Sea Mar v. ACGME - Sea Mar's Responses and Objections re Interrogatories (Set 2) and RFPs (Set 3)

Cara and Jonathan,

Thanks for meeting and conferring yesterday and today on the ACGME's interrogatories (set 2) and requests for production (set 3). As we discussed in today's conferral, counsel for Sea Mar requested follow-up in writing regarding several RFPs. Please find that follow-up below, as well as the next steps we discussed in both conferrals.

Hoping you and your team have a great long weekend.

Thanks,
Patrick

**Time Period** – Cara, you explained that Sea Mar's position is that documents predating July 1, 2022 are not within the scope of discovery, with some exceptions that were not clear but include Dr. Ricardo Jimenez's appointment as Program Director on April 27, 2022, surveys, the tenure of the three program directors, or certain citations. You stated that, aside from those exceptions, all documents before July 1, 2022 were not relevant because they "were not part of the record that was considered by the review committee." We disagreed with that definition of relevance on the ground that documents before July 1, 2022 were relevant to Sea Mar's claims and to the ACGME's defenses.

You and I agreed that the parties were at an impasse on this issue and that Sea Mar agreed to use the expedited joint motion procedure under Local Rule 37(a)(2) for any court resolution for the time period and any other disputes related to the requests we discussed today.

**RFP No. 34** – Cara, you stated that Sea Mar would stand on the time period objection discussed above. Putting that aside as an issue on which we already confirmed impasse, we explained we were looking for, essentially, the basic employment information of the Sea Mar employees listed, such as their offer letters, performance evaluations, HR information and complaints, and the like.

Moreover, Sea Mar proposed conducting a search for documents only with respect to Erica Guillen, Tyler Lawrence, and Gloria Guzman, which would not include the same information for Ricardo Jimenez, Miguel Jimenez, or Julio Jimenez. You stated your position that previous searches would have already captured the requested information with respect to the Jimenez brothers, and that running additional searches for this information in conjunction with your searches for Erica Guillen, Tyler Lawrence, and Gloria Guzman would be duplicative and an undue burden. We do not agree with that objection, as Sea Mar did not explain during the conferral or in its responses and objections the reasons why such ESI collections would be duplicative and unduly burdensome.

You also requested that we follow up in writing with our proposal for searching for responsive documents and provide that proposal here:

> We propose the following search terms for documents responsive to the request:
>
> (Guillen or Lawrence or Guzman or Jimenez) and ((job or employment) w/4 application*) or (salary or compensation) or (performance w/4 (review* or evaluat*)) or promot* or (manager* or supervisor* or boss*) or (complain* or warning* or infraction* or violat* or rule or ethic*))
>
> However, to the extent there are "personnel files" of these individuals with substantially the same information as requested in RFP No. 34, the ACGME is willing to consider Sea Mar's production of those files as go-gets as sufficient.

I did not understand us to be at an impasse on this request.

**RFP No. 35** – Cara, you explained there was already a collection from Dr. Ricardo Jimenez's Sea Mar-issued cell phone and asked whether the request was seeking documents in personal email inboxes and personal cell phones. We explained that was what we were seeking, as well as other messaging repositories (e.g., text messages) because those communications are relevant to how Dr. Ricardo Jimenez and his brothers managed or mismanaged the residency program, resulting eventually in Sea Mar's citations and withdrawal of accreditation. We noted that it was likely that work-related communications among the brothers occurred on those personal devices because of (a) the brothers' familial relationship and (b) the evidence already in the record that they used personal email addresses for business purposes.

You and your colleague, Conrad, explained that your reading of Ninth Circuit caselaw was that these personal devices are not within Sea Mar's possession, custody, or control. You agreed to provide the case law you had in mind; as of the time of this note, we have not yet received it. We responded

that our understanding is the inquiry is fact-specific—not a bright line rule—and that cases we had reviewed finding no possession, custody, or control were distinguishable here, in part because documents already produced showed that the brothers had commingled their work and personal means of communication.

We also mentioned that we hoped those communications on those personal devices were preserved, and if they had not been, then that was an issue we would have to address. Given Sea Mar's stated position today and in its responses and objections that those devices and messaging applications (e.g., personal email addresses, iManage, WhatsApp, text messages, etc.) were not within Sea Mar's possession, custody, or control, and given further that business emails have appeared in the production from personal email addresses of the Jimenez brothers, we are concerned about the possibility that Sea Mar may not have preserved those communications.

Accordingly, we ask that Sea Mar confirm in writing no later than May 27, 2026 that those communications have been preserved.

You and I confirmed that we were at an impasse on this request, but that we would nevertheless review the authority you provide.

**RFP Nos. 36 and 37** – Cara, you said that you wanted clarification about the scope of what the ACGME was requesting. We offered to follow up in writing with our proposal and provide that proposal here:

> We propose the following search terms for documents responsive to the request:
>
> ((Julio or Miguel) w/4 Jimenez) and (Everett or Lynwood) and (supervis* or unsupervised or safe* or unsafe or danger* or complain* or grievance* or precept* or ("15 min*") or ("30 min*") or oversched* or over-sched* or "clinic numbers") and (residen* or patient*)

I did not understand us to be at an impasse on this request.

**RFP No. 41** – Cara, you stated that this request overlaps with the ACGME's RFP No. 17. I pulled up the search terms that Sea Mar ran for RFP No. 17 and pointed out several concerns. First, that the time period was not consistent with the ACGME's request in RFP No. 41; second, that Mr. Doshi's name was not listed as one of the search terms; and third, that the proximity limiters were too narrow.

You also noted that this dispute overlaps with other disputes regarding search terms, and that you would endeavor to meet and confer with the ACGME on those issues no later than Wednesday or Thursday of next week and send the ACGME proposed times. I explained that Wednesday would be preferable, if possible, so we can hopefully move forward on these issues sooner rather than later.

I did not understand us to be at an impasse on this request, pending those further discussions.

**RFP No. 42** – Cara, you explained that Sea Mar's position was that observations of discrimination or bias were not relevant because "none of the 47 citations were related to discrimination or bias" and the request was therefore "a fishing expedition." We disagreed with your position, and I directed your attention to Citation No. 41 that Sea Mar received, for its failure to demonstrate it provided "a professional, equitable, respectful, and civil environment that is psychologically safe and that is free from discrimination, sexual and other forms of harassment, mistreatment, abuse, or coercion of students, residents, faculty, and staff."

You nevertheless confirmed that Sea Mar would not "produce anything" in response to RFP No. 42. We confirmed that we were at an impasse.

**RFP No. 43** – Cara, you agreed that documents showing evidence of "retaliation" were relevant because "that was the language used in Citation 47," and that Sea Mar would not stand on objections on the basis of relevance.

I noted that Sea Mar's response to RFP No. 43 suffered the same time period problem discussed above. I also reiterated the ACGME's position stated in its May 20 letter that Sea Mar's commitment to search for documents "that include express allegations of 'retaliation' or 'intimidation'" by the Jimenez brothers is too narrow insofar as Sea Mar proposes it will run just the search terms "retaliation" and "intimidation" across the brothers' custodial files.

I offered to provide a proposal for searching for documents in response to RFP No. 43 and provide that proposal here:

> We propose the following search terms for documents responsive to the request:
>
> (Jimenez or director or PD) and (complain* or report* or alleg* or investigat* or intimidat* or threat* or coerc* or bully* or harass* or retaliat* or punish* or grievance* or advers* or nepo*)

I did not understand us to be at an impasse on this request.

**RFP No. 44** – Cara, you explained that Sea Mar would not search for or produce any documents in response to this request, seeking any documents regarding complaints about faculty filed with any regulatory body. We explained our position that such documents are relevant insofar as they show potential mismanagement or misconduct that would be reflected in any of Sea Mar's 47 citations.

You and I confirmed that we were at an impasse.

**Interrogatories Nos. 14, 15, and 16** – Jonathan, during the conferral on Thursday, May 21, you

offered that Sea Mar would supplement its responses to these interrogatories with facts of which Sea Mar was aware, by Friday, May 29, and subject to further supplementation as needed. We agreed to that proposal and look forward to Sea Mar's supplementation by that date.

I did not understand us to be at an impasse on these requests, pending Sea Mar's anticipated responses on Friday, May 29.

**Interrogatory No. 18** – Jonathan, also during the May 21 conferral, you stated Sea Mar's position that it was not clear the information sought was fully relevant and that the request was possibly overbroad.

As to relevance, you acknowledged that changes to Sea Mar's program would be relevant but not necessarily the fact of whether a change was financially motivated. We disagreed with that distinction. We explained that if Sea Mar took measures to save costs or increase profits, and that had a deleterious effect on the program leading to its withdrawal of accreditation, that would be relevant to the ACGME's defenses on causation and Sea Mar's amount of recovery.

You did not agree with that view during the conferral, but you stated that you would consider our position further. You stated that you would get back to us on whether Sea Mar would provide a response to the request, and that you would confirm one way or the other before Friday, May 29. We request that Sea Mar confirm its position next week as soon as possible so that, if it comes to it, we can brief this issue along with others in a potential joint submission. I did not understand us to be at an impasse on this request, pending more word from you about providing a response.

As to overbreadth, you gave the specific example about whether seemingly far-afield changes, like any changes to the janitorial or secretarial staff, would be within the request. I responded that janitorial staff changes were not what we had in mind. You and I agreed ultimately to start with a common sense approach to the response we would be looking for.

**Patrick W. Nutter**
he/him/his

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 303 4806 | pnutter@cov.com
www.cov.com

---

**From:** Nutter, Patrick
**Sent:** Wednesday, May 20, 2026 9:50 PM
**To:** 'Wallace, Cara V. (Perkins Coie)' <CWallace@perkinscoie.com>; Hawley, Jonathan (Perkins Coie)

<JHawley@perkinscoie.com>; Power, Vanessa Soriano <vanessa.power@stoel.com>; Poligo, Jenna M. <jenna.poligo@stoel.com>; Sprague, Doug <dsprague@cov.com>; Shafroth, Nathan <nshafroth@cov.com>; Waheed, Majid <MWaheed@cov.com>; Morris, Jordan <JMorris@cov.com>; Hoffman, Paris <PHoffman@cov.com>
**Cc:** Robbins, David B. (Perkins Coie) <DRobbins@perkinscoie.com>; Gordon, Matthew P. (Perkins Coie) <MGordon@perkinscoie.com>; Bennington, Juliana (Perkins Coie) <JBennington@perkinscoie.com>; Marino, Trisha (Perkins Coie) <TMarino@perkinscoie.com>; Williams, James F. (Perkins Coie) <JWilliams@perkinscoie.com>
**Subject:** RE: Sea Mar v. ACGME - Sea Mar's Responses and Objections re Interrogatories (Set 2) and RFPs (Set 3)

Cara,

I am confused that you have proposed canceling and postponing our meet and confer tomorrow.

In Sea Mar's responses and objections served last Thursday, May 14, Sea Mar declined to provide substantive responses to several requests, in part on the purported ground that Sea Mar preferred to postpone any substantive response until after the parties met and conferred. *See, e.g.*, Sea Mar's May 14, 2026 RFP R&Os at 11 ("Subject to and without waiving these objections, Sea Mar is willing to meet and confer to discuss the potential relevancy and proportionality of this Request.").

The next day, on Friday, May 15, the ACGME requested Sea Mar's availability to meet and confer, and followed up on Monday, May 18, after we had not heard from you. You then provided your team's availability, and the ACGME scheduled the meet and confer at a time that you had proposed —Thursday, May 21, at 10:00 am PT. As of two days ago, Sea Mar was fully prepared to meet and confer at that time.

You are now proposing to unilaterally reschedule for reasons that are unclear. We disagree that the conferral would not be productive, and it is not clear on what basis you suggest that it would not be productive. We believe it would be beneficial for all parties to discuss these issues live and better understand the basis of Sea Mar's responses and objections, including tomorrow. Contrary to your suggestion, our letter and our willingness to confer is precisely the kind of "good faith conferr[al] or attempt[] to confer" that Rule 37 requires.

For a subsequent meet and confer, we can check our calendars for the dates you propose below. Tomorrow, however, counsel for the ACGME will be on the link at 10:00 am, as we had scheduled. We look forward to discussing these issues.

Thanks,
Patrick

**Patrick W. Nutter**
he/him/his

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 303 4806 | pnutter@cov.com
www.cov.com

---

**From:** Wallace, Cara V. (Perkins Coie) <CWallace@perkinscoie.com>
**Sent:** Wednesday, May 20, 2026 8:35 PM
**To:** Nutter, Patrick <PNutter@cov.com>; Hawley, Jonathan (Perkins Coie) <JHawley@perkinscoie.com>; Power, Vanessa Soriano <vanessa.power@stoel.com>; Poligo, Jenna M. <jenna.poligo@stoel.com>; Sprague, Doug <dsprague@cov.com>; Shafroth, Nathan <nshafroth@cov.com>; Waheed, Majid <MWaheed@cov.com>; Morris, Jordan <JMorris@cov.com>; Hoffman, Paris <PHoffman@cov.com>
**Cc:** Robbins, David B. (Perkins Coie) <DRobbins@perkinscoie.com>; Gordon, Matthew P. (Perkins Coie) <MGordon@perkinscoie.com>; Bennington, Juliana (Perkins Coie) <JBennington@perkinscoie.com>; Marino, Trisha (Perkins Coie) <TMarino@perkinscoie.com>; Williams, James F. (Perkins Coie) <JWilliams@perkinscoie.com>
**Subject:** RE: Sea Mar v. ACGME - Sea Mar's Responses and Objections re Interrogatories (Set 2) and RFPs (Set 3)

**[EXTERNAL]**

Patrick:

If you wished to discuss your 12-page, single-spaced letter at tomorrow's conferral, you should've sent it to us earlier. Expecting the conferral to be productive under such circumstances is neither within the spirit of Rule 37, nor a good use of the parties' resources. It makes sense to reschedule and we are available next Wednesday (5/27), 9am-10:30, 1-2pm, or 4-5pm and Thursday (5/28), 9am-1pm or after 2:30pm, at which point we will be prepared to respond to or discuss your detailed letter.

**Cara Wallace**
**COUNSEL**

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3097
CWallace@perkinscoie.com
perkinscoie.com

---

**From:** Nutter, Patrick <PNutter@cov.com>
**Sent:** Wednesday, May 20, 2026 5:19 PM

**To:** Wallace, Cara V. (SEA) <CWallace@perkinscoie.com>; Hawley, Jonathan (SEA) <JHawley@perkinscoie.com>; Power, Vanessa Soriano <vanessa.power@stoel.com>; Poligo, Jenna M. <jenna.poligo@stoel.com>; Sprague, Doug <dsprague@cov.com>; Shafroth, Nathan <nshafroth@cov.com>; Waheed, Majid <MWaheed@cov.com>; Morris, Jordan <JMorris@cov.com>; Hoffman, Paris <PHoffman@cov.com>
**Cc:** Robbins, David B. (SEA) <DRobbins@perkinscoie.com>; Gordon, Matthew P. (SEA) <MGordon@perkinscoie.com>; Bennington, Juliana (SEA) <JBennington@perkinscoie.com>; Marino, Trisha (SEA) <TMarino@perkinscoie.com>; Williams, James F. (SEA) <JWilliams@perkinscoie.com>
**Subject:** RE: Sea Mar v. ACGME - Sea Mar's Responses and Objections re Interrogatories (Set 2) and RFPs (Set 3)

Counsel,

Please see attached.

Thanks,
Patrick

**Patrick W. Nutter**
he/him/his

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 303 4806 | pnutter@cov.com
www.cov.com

---

**From:** Nutter, Patrick
**Sent:** Monday, May 18, 2026 4:17 PM
**To:** 'Wallace, Cara V. (Perkins Coie)' <CWallace@perkinscoie.com>; Hawley, Jonathan (Perkins Coie) <JHawley@perkinscoie.com>; Power, Vanessa Soriano <vanessa.power@stoel.com>; Poligo, Jenna M. <jenna.poligo@stoel.com>; Sprague, Doug <dsprague@cov.com>; Shafroth, Nathan <nshafroth@cov.com>; Waheed, Majid <MWaheed@cov.com>
**Cc:** Robbins, David B. (Perkins Coie) <DRobbins@perkinscoie.com>; Gordon, Matthew P. (Perkins Coie) <MGordon@perkinscoie.com>; Bennington, Juliana (Perkins Coie) <JBennington@perkinscoie.com>; Marino, Trisha (Perkins Coie) <TMarino@perkinscoie.com>; Williams, James F. (Perkins Coie) <JWilliams@perkinscoie.com>
**Subject:** RE: Sea Mar v. ACGME - Sea Mar's Responses and Objections re Interrogatories (Set 2) and RFPs (Set 3)

Thank you, Cara.  I will send an invitation in a moment for Thursday at 10:00 am PT.

**Patrick W. Nutter**
he/him/his

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 303 4806 | pnutter@cov.com
www.cov.com

---

**From:** Wallace, Cara V. (Perkins Coie) <CWallace@perkinscoie.com>
**Sent:** Monday, May 18, 2026 3:36 PM
**To:** Nutter, Patrick <PNutter@cov.com>; Hawley, Jonathan (Perkins Coie) <JHawley@perkinscoie.com>; Power, Vanessa Soriano <vanessa.power@stoel.com>; Poligo, Jenna M. <jenna.poligo@stoel.com>; Sprague, Doug <dsprague@cov.com>; Shafroth, Nathan <nshafroth@cov.com>; Waheed, Majid <MWaheed@cov.com>
**Cc:** Robbins, David B. (Perkins Coie) <DRobbins@perkinscoie.com>; Gordon, Matthew P. (Perkins Coie) <MGordon@perkinscoie.com>; Bennington, Juliana (Perkins Coie) <JBennington@perkinscoie.com>; Marino, Trisha (Perkins Coie) <TMarino@perkinscoie.com>; Williams, James F. (Perkins Coie) <JWilliams@perkinscoie.com>
**Subject:** RE: Sea Mar v. ACGME - Sea Mar's Responses and Objections re Interrogatories (Set 2) and RFPs (Set 3)

**[EXTERNAL]**
Patrick:

We are available Thursday, May 21, 10-11am, 12-1:30pm, or Friday, May 22, after 9:30am. All times Pacific. Please send an invite for a time in those windows that works for you.

**Cara Wallace**
**COUNSEL**

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3097
CWallace@perkinscoie.com
perkinscoie.com

---

**From:** Nutter, Patrick <PNutter@cov.com>
**Sent:** Monday, May 18, 2026 2:09 PM

**To:** Hawley, Jonathan (SEA) <JHawley@perkinscoie.com>; Power, Vanessa Soriano <vanessa.power@stoel.com>; Poligo, Jenna M. <jenna.poligo@stoel.com>; Sprague, Doug <dsprague@cov.com>; Shafroth, Nathan <nshafroth@cov.com>; Waheed, Majid <MWaheed@cov.com>
**Cc:** Robbins, David B. (SEA) <DRobbins@perkinscoie.com>; Gordon, Matthew P. (SEA) <MGordon@perkinscoie.com>; Wallace, Cara V. (SEA) <CWallace@perkinscoie.com>; Bennington, Juliana (SEA) <JBennington@perkinscoie.com>; Marino, Trisha (SEA) <TMarino@perkinscoie.com>; Williams, James F. (SEA) <JWilliams@perkinscoie.com>
**Subject:** RE: Sea Mar v. ACGME - Sea Mar's Responses and Objections re Interrogatories (Set 2) and RFPs (Set 3)

Counsel,

Following up on our note below, please provide your availability this week to meet and confer.

Thanks,
Patrick

**Patrick W. Nutter**
he/him/his

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 303 4806 | pnutter@cov.com
www.cov.com

---

**From:** Nutter, Patrick
**Sent:** Friday, May 15, 2026 1:05 PM
**To:** 'Hawley, Jonathan (Perkins Coie)' <JHawley@perkinscoie.com>; Power, Vanessa Soriano <vanessa.power@stoel.com>; Poligo, Jenna M. <jenna.poligo@stoel.com>; Sprague, Doug <dsprague@cov.com>; Shafroth, Nathan <nshafroth@cov.com>; Waheed, Majid <MWaheed@cov.com>
**Cc:** Robbins, David B. (Perkins Coie) <DRobbins@perkinscoie.com>; Gordon, Matthew P. (Perkins Coie) <MGordon@perkinscoie.com>; Wallace, Cara V. (Perkins Coie) <CWallace@perkinscoie.com>; Bennington, Juliana (Perkins Coie) <JBennington@perkinscoie.com>; Marino, Trisha (Perkins Coie) <TMarino@perkinscoie.com>
**Subject:** Sea Mar v. ACGME - Sea Mar's Responses and Objections re Interrogatories (Set 2) and RFPs (Set 3)

Counsel,

Please provide your availability next week for a meet and confer regarding Sea Mar's responses and objections to the ACGME's second set of interrogatories and third set of RFPs.

Thanks,
Patrick

**Patrick W. Nutter**
he/him/his

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 303 4806 | pnutter@cov.com
www.cov.com

---

**From:** Hawley, Jonathan (Perkins Coie) <JHawley@perkinscoie.com>
**Sent:** Thursday, May 14, 2026 2:55 PM
**To:** Power, Vanessa Soriano <vanessa.power@stoel.com>; Poligo, Jenna M. <jenna.poligo@stoel.com>; Sprague, Doug <dsprague@cov.com>; Shafroth, Nathan <nshafroth@cov.com>; Waheed, Majid <MWaheed@cov.com>; Nutter, Patrick <PNutter@cov.com>
**Cc:** Robbins, David B. (Perkins Coie) <DRobbins@perkinscoie.com>; Gordon, Matthew P. (Perkins Coie) <MGordon@perkinscoie.com>; Wallace, Cara V. (Perkins Coie) <CWallace@perkinscoie.com>; Bennington, Juliana (Perkins Coie) <JBennington@perkinscoie.com>; Marino, Trisha (Perkins Coie) <TMarino@perkinscoie.com>
**Subject:** Sea Mar v. ACGME, No. C24-896 JNW (W.D. Wash.): Sea Mar's Responses & Objections to ACGME's Second Set of Interrogatories

**[EXTERNAL]**
Counsel, please see the attached.

Many thanks,

**Jonathan Hawley** (he/him)
**COUNSEL**
**Perkins Coie**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
+1.206.359.6469
jhawley@perkinscoie.com

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.