THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEA MAR COMMUNITY HEALTH CENTERS,<br><br>Plaintiff,<br><br>v.<br><br>ACCREDITATION COUNCIL FOR GRADUATE MEDICAL EDUCATION,<br><br>Defendant. | Case No. C24-896 JNW<br><br>**DECLARATION OF CONRAD A. SPROUL IN SUPPORT OF SEA MAR'S OPPOSITION TO ACGME'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

I, Conrad A. Sproul, hereby declare as follows:

1. I am over the age of eighteen and competent to make this declaration. I am an attorney with the law firm Ashurst Perkins Coie US LLP and counsel for Plaintiff Sea Mar Community Health Centers ("Sea Mar") in the above-captioned matter. I make this declaration based on personal knowledge about which I am competent to testify.

2. This declaration is submitted in opposition to the motion to compel filed by Defendant Accreditation Council for Graduate Medical Education ("ACGME") on June 24, 2026, titled "Motion to Compel Production of Documents Regarding Patient Endangerment." Dkt. 101.

3. **Exhibit 1** is a true and correct copy of correspondence between Jenna Poligo (counsel for ACGME) and counsel for Sea Mar dated June 18, 2026.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

4. **Exhibit 2** is a true and correct copy of correspondence between myself and counsel for ACGME dated June 22, 2026.

5. **Exhibit 3** is a true and correct copy of an email exchange between Jonathan Hawley (counsel for Sea Mar) and Patrick Nutter (counsel for ACGME) dated July 1 and 6, 2026.

6. I attended the conferrals on May 22 and 28, 2026, described in paragraphs 8 and 12 of and Exhibit 40 to the Declaration of Patrick W. Nutter in Support of Defendant the ACGME's Motion to Compel Production of Documents Regarding Patient Endangerment, Adverse Patient Outcomes, or Concern for Patient Safety, Dkt. 102 ("Second Nutter Decl."), and in Exhibit 31 to the Declaration of Patrick W. Nutter in Support of Defendant the ACGME's Motion to Compel Production of: (1) Plaintiff's Medical Residents' ESI, (2) Plaintiff's ESI Predating July 1, 2022, and (3) Response to Defendant's Interrogatory No. 18, Dkt. 96 ("First Nutter Decl.").

7. My recollection of the May 22, 2026, conferral and subsequent correspondence regarding Request for Production Nos. 36 and 37 is as follows:

a. The primary focus of the discussion at the May 22 conferral was Sea Mar's Responses and Objections to ACGME's Third Set of Requests for Production, and specifically the alleged deficiencies described in Mr. Nutter's Letter to Sea Mar dated May 20, 2026. Second Nutter Decl. Ex. 39.

b. With regard to Request for Production Nos. 36 and 37, Cara Wallace, counsel for Sea Mar, noted that the Requests appeared vague and overbroad as written, as well as duplicative of Request Nos. 18 and 19. Ms. Wallace requested that ACGME follow up with a written explanation of what "administration" means in the context of these Requests and what specific types of document ACGME deemed responsive and proportionate to the needs of the case. Mr. Nutter proposed providing search terms instead. Ms. Wallace said that there was no need for ACGME to provide search terms, only a written explanation of what types of documents ACGME sought from its facially overbroad Request beyond the single example provided in those Requests.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

c. Although Sea Mar had specifically invoked Washington's quality-improvement privilege (the "QI privilege") in its Responses and Objections to Request Nos. 36 and 37, ACGME counsel did not raise that issue at the May 22 conferral.

d. Later that same day, after the conferral, Mr. Nutter sent an email proposing specific search terms for Request Nos. 36 and 37. *See* Second Nutter Decl. Ex. 40, at 9. Mr. Nutter did not provide the written explanation that Ms. Wallace had requested.

e. Although Sea Mar remained unclear as to the meaning and scope of Request Nos. 36 and 37, I tested the search terms Mr. Nutter proposed. I determined they would hit on almost 10,000 documents. I reviewed a random sample of these documents and determined that most of them were unresponsive, based on my understanding of the Requests. I responded to Mr. Nutter's email on May 26, 2026, once again requesting clarification of the types of documents that would be responsive to Request Nos. 36 and 37, explaining that his proposed terms were overbroad, and suggesting alternative terms. *See* Second Nutter Decl. Ex. 40, at 4–5.

f. Mr. Nutter's response to my email, dated May 28, 2026, still did not provide written clarification of the meaning or scope of Request Nos. 36 and 37. *Id.* Ex. 40, at 1–2. Mr. Nutter stated that "[a]ny purported ambiguity about the requests would be resolved by our search term proposal." *Id.*

g. In Ms. Wallace's Letter dated May 29, 2026, Sea Mar responded to the points in Mr. Nutter's May 28 email and reiterated its request that ACGME clarify the meaning of Request Nos. 36 and 37. *See* First Nutter Decl. Ex. 24, at 6–7. ACGME never directly responded to Ms. Wallace's May 29 letter.

h. At the time, I did not believe the Parties to be at an impasse regarding Request Nos. 36 and 37.

8. My recollection of the May 28 conferral and subsequent correspondence regarding Request No. 18 (and the QI privilege generally) is as follows:



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

a. The primary focus of the discussion at the May 28 conferral was Sea Mar's search terms and productions in response to ACGME's First and Second Sets of Requests for Production.

b. At the May 28 conferral, ACGME counsel reiterated their request from Majid Waheed's letter dated April 21, 2026, that Sea Mar produce "completed safety incident reports, QI case evaluation forms, or root cause analyses" in response to Request No. 18. Second Nutter Decl. Ex. 37, at 5–6. In response, Ms. Wallace invoked the statutory QI privilege, explaining that incident reports, case-evaluation forms, and root-cause analyses would fall squarely within the protections of RCW 43.70.510(4). Ms. Wallace further explained that documents related to or reflecting the internal deliberations of a QI committee would also be privileged. At that point, Mr. Nutter shared his screen, showing the text of RCW 43.70.510(4). He pointed out the text of the statute, which reads:

> Information and documents, including complaints and incident reports, created specifically for, and collected and maintained by, a quality improvement committee are not subject to review or disclosure, except as provided in this section, or discovery or introduction into evidence in any civil action, and no person who was in attendance at a meeting of such committee or who participated in the creation, collection, or maintenance of information or documents specifically for the committee shall be permitted or required to testify in any civil action as to the content of such proceedings or the documents and information prepared specifically for the committee.

Mr. Nutter opined that this language means that the statute is entirely inapplicable to civil discovery. I disagreed with Mr. Nutter's interpretation, explaining that the word "except" modifies "as provided in this section" and *not* "discovery or introduction into evidence in any civil action." Ms. Wallace agreed with my reading and noted that Sea Mar would not change its position on the meaning of the statutory language. Mr. Nutter requested that Sea Mar follow up with caselaw confirming its interpretation of the statute. I did not understand the Parties to be an impasse about Request No. 18 at this point.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

c. On May 29, Mr. Nutter followed up on the conferral with an email reaffirming ACGME's position that RCW 43.70.510(4) "provides an exception for documents to be disclosed in discovery or as evidence at trial." Second Nutter Decl. Ex. 41, at 15. Apparently based on this reading of the statute, Mr. Nutter unilaterally declared that "we are at an impasse" before Sea Mar had the opportunity to provide the caselaw he had requested the previous day.

d. Still, to facilitate further discussion, Sea Mar provided the requested authority and explained its position in Ms. Wallace's letter dated June 1, 2026. *See* Second Nutter Decl. Ex. 42, at 4–6. That letter stated: "As ACGME asserts that Sea Mar is not entitled to 'withhold **any** documents' on the basis of QI privilege, we do not believe further conferral on this issue would be productive." *Id.* at 6 (citation omitted). Sea Mar intended this to mean that it remained open to further discussion about the *scope* of the QI privilege but not its very *existence*.

e. Sea Mar received no response to this letter except for Mr. Nutter's June 5 email asking about incident reports contained within a specific hospital-based "High Reliability Platform." Second Nutter Decl. Ex. 41, at 9–10. I responded to this query on June 9, explaining the High Reliability Platform is not a Sea Mar platform and not within Sea Mar's possession, custody, or control. *Id.* at 7. ACGME did not raise the issue of the QI privilege or Request No. 18 again after that point.

9. At the May 28 conferral, the Parties also discussed Request for Production No. 19. This discussion was not focused on the QI privilege. Rather, Mr. Waheed proposed that Sea Mar search the personnel files of four Sea Mar faculty members for responsive documents. Sea Mar agreed to do so, *see* Nutter Decl. Ex. 42, at 7, and has done so. I did not understand the Parties to be at an impasse about Request No. 19 at this point. ACGME's follow-up communications did not discuss Request No. 19 specifically. *See generally* Second Nutter Decl. Exs. 40–41.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

10. I do not recall discussing Request for Production No. 22 at any point during any of the conferrals or in any of the written correspondence described above or in Mr. Nutter's declarations.

11. On June 18, 2026, Ms. Poligo sent a letter to Sea Mar alleging various deficiencies with Sea Mar's first privilege log (originally served on April 17, 2026). Ms. Poligo's letter did not identify any specific documents for which ACGME contested Sea Mar's privilege designation, nor did it mention the QI privilege. *See* Ex. 1.

12. On June 22, 2026, I sent a letter in response to Ms. Poligo's June 18 letter. Although Sea Mar's position is that its original April 17 privilege log was more than adequate, my letter nonetheless agreed that Sea Mar would re-review its privilege log, add information as appropriate, and downgrade documents if necessary. *See* Ex. 2.

13. In the subsequent weeks, as part of its privilege log amendment process, Sea Mar re-reviewed each document identified on its first privilege log as withheld or redacted based on the QI privilege. This process began on June 18, 2026, when Sea Mar first received Ms. Poligo's letter, six days before the present Motion was filed. In the process, Sea Mar identified several documents that, upon closer examination, did not appear to fully satisfy the statutory requirements to invoke the privilege. Sea Mar therefore updated its privilege log accordingly and prepared a reproduction set with the downgraded documents.

14. On July 1, 2026, Mr. Hawley emailed counsel for ACGME raising ACGME's failure to meaningfully confer on the QI privilege and abandonment of the LCR 37 process and urging that the Motion "be withdrawn immediately." Ex. 3.

15. Sea Mar served its amended first privilege log and produced the reproduction set on July 2, 2026, with the exception of one document, which was erroneously omitted from the production set and was produced on July 6 (the next business day).

16. Also on July 6, Mr. Nutter responded to Mr. Hawley's email and informed Sea Mar that ACGME "will not withdraw [its] motion." *Id.*



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

* * *

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 9th day of July, 2026, at Seattle, Washington.

*s/ Conrad A. Sproul*
Conrad A. Sproul



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000