THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEA MAR COMMUNITY HEALTH CENTERS,

Plaintiff,

v.

ACCREDITATION COUNCIL FOR GRADUATE MEDICAL EDUCATION,

Defendant.

Case No. C24-896 JNW

**SEA MAR'S RESPONSE IN SUPPORT OF ACGME'S MOTION TO SEAL CONFIDENTIAL MATERIALS SUBMITTED WITH MOTION TO COMPEL**

NOTE ON MOTION CALENDAR: JULY 15, 2026

## INTRODUCTION

Pursuant to Local Rules W.D. Wash. LCR 5(g), Sea Mar responds to support the sealing of certain materials (the "Sealed Materials") described in the Motion to Seal filed by ACGME. Dkt. 92. These materials contain resident and faculty survey information, site-visit communications, healthcare information, internal Sea Mar operational and board materials, and identifying and contact information of nonparties. This information is nonpublic, confidential, and, if disclosed, would cause harm to Sea Mar and nonparties, including former medical residents and faculty members. There is good cause to seal or redact Sea Mar's confidential internal communications, accreditation submissions, personnel and operational planning documents, resident and faculty feedback, and sensitive information about identifiable third parties—specifically, Exhibits 11B, 11C, 13, 16, and 18 to the Declaration of Patrick W. Nutter (the "Nutter



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Declaration"), Dkt. 97 ("Nutter Decl."), and to redact portions of the parties' LCR 37 Joint Submission, Dkt. 95.

Sea Mar takes no position on ACGME's requests to seal or redact Exhibits 16, 17, 23, 29, and 30 to the Nutter Declaration; Exhibits 1, 3, 4, 5, 6 and 7 to the Declaration of Conrad A. Sproul (the "Sproul Declaration"), Dkt. 99; and a select portion of the parties' LCR 37 Joint Submission.

## LEGAL STANDARD

Though courts deciding a motion to seal "start with a strong presumption in favor of access" to "court records" this presumption is not absolute and can be rebutted. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Materials attached to a non-dispositive motion are often "unrelated, or only tangentially related to the underlying cause of action," and the public has less need to access such records. *Id.* (citation omitted). The Court has discretion to seal such materials on a showing that "good cause" supports sealing. *Id.* at 1180. Good cause exists where "specific prejudice or harm will result if no protective order is granted," *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002), and requires "balancing the needs for discovery against the need[s] for confidentiality," *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips*, 307 F.3d at 1213).

Consistent with these principles, courts (including in this district) routinely protect nonpublic confidential information when disclosure could harm private or institutional interests. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal[.]" (citation modified)); *Silver Fern Chem., Inc. v. Lyons*, No. 23-CV-00775TL, 2023 WL 4624477, at *3 (W.D. Wash. July 19, 2023) (sealing customer and vendor information that "derive their value from their confidentiality"); *Mahone v. Amazon.com, Inc.*, No. C22-594 MJP, 2024 WL 965139, at *2 (W.D. Wash. Mar. 6, 2024) (personal identifying information concerning specific employees should be redacted from public filing). In particular,



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

good cause exists when sealing would protect sensitive business information. *See, e.g.*, *Zunum Aero, Inc. v. Boeing Co.*, No. C21-0896JLR, 2024 WL 492228, at *2 (W.D. Wash. Feb. 8, 2024). This information includes discussions related to business practices that are not generally known to customers and competitors. *See, e.g.*, *PUMA SE v. Brooks Sports, Inc.*, No. 23-CV-00116-LK, 2024 WL 4495309, at *2 (W.D. Wash. Oct. 15, 2024) (sealing from disclosure internal strategy and development information that would cause harm to moving party's operations); *Reald Spark, LLC v. Microsoft Corp.*, No. 22-CV-00942-TL, 2023 WL 8020171, at *3 (W.D. Wash. Nov. 20, 2023) (financial data and other marketing or strategic information related to ongoing business activities would justify sealing under good-cause standard); *Clearly Food & Beverage Co. v. Top Shelf Beverages, Inc.*, 102 F.Supp.3d 1154, 1179 (W.D. Wash. 2015) (finding business plans, marketing strategies, financial history and projections, and other confidential information could be used against the company and warrant sealing).

Additionally, "courts within the Ninth Circuit have recognized that the need to protect medical privacy qualifies as a compelling reason for sealing records." *United States v. Abdulmalikov*, No. 24-CV-05786-DGE, 2024 WL 4449932, at *2 (W.D. Wash. Oct. 8, 2024) (citation modified); *see also, e.g.*, *Karpenski v. Am. Gen. Life Cos.*, No. 12-CV-01569RSM, 2013 WL 5588312, at *2 (W.D. Wash. Oct. 9, 2013) (finding that plaintiff was entitled to seal medical records and detailed reference to information contained in medical records).

## ARGUMENT

The strong presumption of public access is not absolute and yields where, as here, the moving party identifies "specific prejudice or harm" that will result from disclosure. *Phillips*, 307 F.3d at 1210–11. Under Federal Rule of Civil Procedure ("Rule") 26(c)'s good-cause standard, the Sealed Materials addressed below satisfy the good-cause standard because they are attached to a non-dispositive discovery motion and their disclosure would cause concrete, identifiable harm—to the privacy and safety of nonparty residents and faculty, to sensitive medical and personal



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

information, and to Sea Mar's proprietary operational interests—that no less-restrictive measure than sealing or targeted redaction can prevent.

## I. Resident and Faculty Survey Data and Confidential Feedback (Exhibits 11B, 11C, and 13)

Exhibits 11B, 11C, and 13 contain confidential resident and faculty survey responses and candid feedback provided in connection with ACGME's review process. Exhibits 11B and 11C are compilations of October 2023 resident survey responses that include timestamps, program names, satisfaction ratings, narrative feedback, financial-hardship information, and criticism of identifiable administrators and faculty. Exhibit 13 compiles obstetrics-rotation feedback from residents.

These documents contain information provided by residents with an express or implied expectation of confidentiality. *See* Decl. of Ricardo Jimenez, M.D. ("Jimenez Decl.") ¶ 6. Their disclosure would expose both the residents who supplied the feedback and the individuals they identify to precisely the "annoyance, embarrassment, [and] oppression" that Rule 26(c) is designed to prevent. *Kamakana*, 447 F.3d at 1180. Just as courts redact "personal identifying information … concerning specific employees[]" from public filings, the identities, narratives, and sensitive disclosures of these residents and faculty warrant protection. *Mahone*, 2024 WL 965139, at *2. Beyond the harm to identifiable individuals, disclosure would chill future resident participation in accreditation surveys. *See* Jimenez Decl. ¶¶ 6–9. This would result in harm not only to the Parties but to the public interest in maintaining effective oversight of graduate medical education. Because that harm is specific and nonspeculative, good cause supports sealing these exhibits. *See Phillips*, 307 F.3d at 1210–11.

## II. Private and Confidential Patient and Resident Information (Exhibits 11B, 11C, and 13)

Exhibits 11B, 11C, and 13 also contain information regarding patient treatment and residents. This information implicates the medical privacy of identifiable residents and patients,



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

and medical privacy supplies a "compelling reason" sufficient to overcome the presumption of access even for dispositive filings and satisfies the more lenient good-cause standard governing this non-dispositive motion. *Abdulmalikov*, 2024 WL 4449932, at *2 (citation modified); *see also Karpenski*, 2013 WL 5588312, at *2 (sealing medical records and detailed references to their contents). Public disclosure of these sensitive mental-health disclosures and clinical incidents outside of their adjudicative context would subject vulnerable individuals to embarrassment and potential retaliation, *see* Jimenez Decl. ¶¶ 7–9, 13—again, harms Rule 26(c) squarely protects against, *see Kamakana*, 447 F.3d at 1180.

## III. Internal Sea Mar Operational, Strategic, and Board Materials (Exhibit 18)

Exhibit 18 consists of internal Sea Mar communications and planning documents that are not publicly available. Good cause exists to seal "sensitive business information," *Zunum Aero, Inc. v. Boeing Co.*, No. C21-0896, 2024 WL 492228, at *2 (W.D. Wash. Feb. 8, 2024) including "strategic information [related] to ongoing business activities," *Reald Spark*, 2023 WL 8020171, at *3, and "internal strategy and development information [that] would cause significant competitive harm by revealing these processes to competitors," *PUMA*, 2024 WL 4495309, at *2 (cleaned up). Exhibit 18 falls squarely within these categories, and its disclosure "might harm [Sea Mar's] competitive standing" and operations. *Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-02549-WHA, 2013 WL 1435223 (N.D. Cal. Apr. 9, 2013), at *2. Full sealing of this document is therefore the appropriate and least-restrictive means of protecting Sea Mar's nonpublic operational and strategic information. *See* Jimenez Decl. ¶ 11.

## IV. Nonparty Identifying Information (Exhibits 11B, 11C, 13, and 16)

These exhibits contain the names, email addresses, and contact information of nonparty individuals—including ACGME employees and representatives, Sea Mar residents, faculty, and staff—who are not parties to this litigation and who have a privacy interest in their personal information. *See* Jimenez Decl. ¶ 12. Courts in this district routinely hold that "personal identifying



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

information [in filings] concerning specific [individuals] should be redacted from public filing." *Mahone*, 2024 WL 965139, at *2. That interest is heightened here because ACGME assures these participants that their identities will not be made public. *See* Jimenez Decl. ¶¶ 7–10; Dkt. 92 at 4 ("[B]oth participants and volunteers act pursuant to the ACGME's assurances that their identities will not be made public."). Disclosure would expose these nonparties to "annoyance, embarrassment, [and] oppression" while contributing nothing to the public's understanding of the discovery dispute—confirming that good cause supports redaction of this information. *Kamakana*, 447 F.3d at 1180.

## V. Redactions to the Parties' LCR 37 Joint Submission

Sea Mar has proposed limited redactions to the Parties' LCR 37 Joint Submission to protect the same categories of information described above. These narrow redactions are the least-restrictive means of protecting that information while leaving the balance of the Joint Submission (and the parties' arguments) available on the public docket. *See* Jimenez Decl. ¶¶ 5, 14.

## VI. Narrow Tailoring

Sea Mar's request is narrowly tailored. Consistent with LCR 5(g)'s least-restrictive-means requirement, Sea Mar has reviewed these materials on an exhibit-by-exhibit basis and requests full sealing of Exhibits 11B, 11C, 13, 16, and 18 to the Nutter Declaration only because sensitive material permeates each of those documents and cannot reasonably be segregated through redaction without destroying the documents' contexts or utility. For the LCR 37 Joint Submission, Sea Mar seek only targeted redaction of specific categories of confidential information while leaving the balance available to the public.

Maintaining the documents identified above under seal and select portions of the Joint Submission in redacted form will not prevent the public from understanding the judicial process or the Parties' legal arguments in this case—particularly given the underlying motion is a non-dispositive discovery motion. *See Kamakana*, 447 F.3d at 1179. The public portions of these



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

documents, together with the Parties' briefing, allow the public to understand the arguments and the basis for the Court's ruling. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013) (applying Ninth Circuit law and reversing district court ruling as abuse of discretion where confidential information was unnecessary to public's understanding of case).

## CONCLUSION

Sea Mar seeks to protect granular confidential details—resident narratives, survey data, site-visit findings, appeal-hearing materials, identifying information, and nonparty data—that are unnecessary to the resolution of the non-dispositive motion and could chill candor in future accreditation reviews. That is precisely the type of protective relief contemplated by Rule 26(c)'s good-cause standard. Sea Mar therefore respectfully requests that the Court grant ACGME's Motion to Seal with respect to Exhibits 11B, 11C, 13, 16, and 18 to the Nutter Declaration and authorize the proposed redactions to the parties' LCR 37 Joint Submission.

* * *

The undersigned certifies that this response contains 1,876 words, in compliance with the Local Civil Rules.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Dated: July 9, 2026

By: *s/ David B. Robbins*

David B. Robbins, WSBA No. 13628
James F. Williams, WSBA No. 23613
Matthew P. Gordon, WSBA No. 41128
Cara V. Wallace, WSBA No. 50111
Jonathan P. Hawley, WSBA No. 56297
Juliana L. Bennington, WSBA No. 60357
Conrad A. Sproul, WSBA No. 62885
**ASHURST PERKINS COIE US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
David.Robbins@ashurstperkins.com
James.Williams@ashurstperkins.com
Matthew.Gordon@ashurstperkins.com
Cara.Wallace@ashurstperkins.com
Jonathan.Hawley@ashurstperkins.com
Juliana.Bennington@ashurstperkins.com
Conrad.Sproul@ashurstperkins.com

*Attorneys for Plaintiff*
*Sea Mar Community Health Centers*