The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEA MAR COMMUNITY HEALTH CENTERS,<br><br>Plaintiff,<br><br>v.<br><br>ACCREDITATION COUNCIL FOR GRADUATE MEDICAL EDUCATION,<br><br>Defendant. | Case No. 2:24-CV-00896<br><br>**DEFENDANT THE ACGME'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS REGARDING PATIENT ENDANGERMENT**<br><br>NOTE ON MOTION CALENDAR:<br>JULY 15, 2026 |



**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

**TABLE OF CONTENTS**

INTRODUCTION ........................................ 1

ARGUMENT ........................................ 3

I. The Parties Conferred at Length About the QI Privilege. ........................................ 3

II. Documents Sought Are Relevant to Sea Mar's Claims and ACGME's Defenses. ........................................ 5

III. Sea Mar Failed to Meet Its Burden to Prove That the Documents Qualify for the Privilege. ........................................ 6

CONCLUSION ........................................ 7



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

# TABLE OF AUTHORITIES

**Cases**


*Adcox v. Children's Orthopedic Hosp. & Med. Ctr.*,
123 Wn.2d 15 (1993) ....................6

*Branco v. Life Care Ctrs. of Am., Inc*,
2006 WL 4484727 (W.D. Wash. May 4, 2006)....................6

*Cornu-Labat. v. Hosp. Dist. No. 2 Grant Cnty.*,
177 Wn.2d 221 (2013) ....................6

*Lowy v PeaceHealth*,
159 Wn. App. 715 (2011) ....................6

*In re Packaged Seafood*,
2018 WL 4327876 (S.D. Cal. Sep. 10, 2018) ....................6

*Valley Forge Ins. Co. v. Washington Square Hotel Holdings LLC*,
2022 WL 17361442 (W.D. Wash. Dec. 1, 2022) ....................5

*Seattle Children's Hospital v. King County*,
16 Wn.2d 15 (2020) ....................6


**Statutes**


RCW 43.70.510 ....................2, 3, 7

RCW 43.70.510(1)(b) ....................6

RCW 43.70.510(4)....................3, 4

RCW 70.41.200(a), (c)–(h) ....................6





**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

## INTRODUCTION

Sea Mar is wrong that the parties did not meet and confer on the issues in the ACGME's motion. The parties ***did*** meet and confer. The parties exchanged correspondence and conferred via videoconference about the issues in the ACGME's motion at least ***12*** times—including ***two*** videoconference conferrals and ***10*** letters and emails. Indeed, the parties conferred and exchanged communications so extensively that Sea Mar ***complained*** to the ACGME about the parties' supposed "serial and lengthy communications on top of lengthy telephonic conferrals" that included discussions about the QI privilege. Nutter Decl. Ex. 41 at 6.[1]

These 12 conferrals and communications—and the issues' appearance in the ACGME's motion—are summarized below:

| The Parties' Two Conferrals and 10 Communications | | | |
|---|---|---|---|
| **No.** | **Date** | **Manner of Conferral** | **Communication Summary and Issue's Appearance in Motion** |
| **1.** | April 14, 2026 | ACGME letter | The ACGME notifies Sea Mar that Sea Mar's search terms for Request Nos. 18 and 19 are underinclusive because they lack terms about "patient safety" issues. Ex. 36 at 4; *see* Mot. 5. |
| **2.** | April 21, 2026 | ACGME letter | ACGME writes that Sea Mar's production appeared to omit patient-safety and resident-supervision issues responsive to Request Nos. 18 and 19. Ex. 37 at 5-7; *see* Mot. 5. |
| **3.** | May 13, 2026 | Sea Mar letter | Sea Mar agrees to review additional documents for Request Nos. 18 and 19 concerning patient-safety and resident supervision. Ex. 38 at 1, 7; *see* Mot. 5. |
| **4.** | May 20, 2026 | ACGME letter | ACGME writes that Request Nos. 36 & 37 seek documents regarding "allegations of patient endangerment." Ex. 39 at 5-6, 9; *see* Mot. 5-6, 10-11. |

[1] References to "Nutter Decl." and "Ex." are to Dkt. No. 102.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

| The Parties' Two Conferrals and 10 Communications | | | |
|---|---|---|---|
| **No.** | **Date** | **Manner of Conferral** | **Communication Summary and Issue's Appearance in Motion** |
| **5.** | May 22, 2026 | Videoconference | Parties confer regarding the ACGME's RFP Nos. 18, 19, 36, and 37. The ACGME agrees to provide additional search terms. Nutter Decl. ¶ 8; Mot. 5. |
| **6.** | May 22, 2026 | ACGME email | ACGME provides additional search terms for RFPs 36 and 37. Ex. 40 at 9; Mot. 5. |
| **7.** | May 28, 2026 | Videoconference | Parties confer regarding the QI privilege. Sea Mar states "a lot" of documents are privileged under RCW 43.70.510 and "we won't change our position." Nutter Decl. at ¶ 12; Mot. 5, 7-10 |
| **8.** | May 29, 2026 | ACGME email | ACGME explains that "when [the privilege] applies, the statute protects documents from disclosure only in . . . limited context[s]," which Sea Mar had failed to show are present here. Ex. 41 at 15; Mot. 10. |
| **9.** | June 1, 2026 | Sea Mar letter | Sea Mar maintains the documents "would have been created specifically for use by a QI committee and are squarely within the QI privilege." Nutter Decl. Ex. 42 at 6. Sea Mar states that it "stands by its objections on the basis of privilege and will not produce new documents." *Id.*; Mot. 7-10. |
| **10.** | June 3, 2026 | Sea Mar letter | Sea Mar rejects the ACGME's proposed additional search terms for RFP Nos. 18 and 19. Ex. 43 at 5; Mot. 5. |
| **11.** | June 5, 2026 | ACGME email | ACGME requests "facts showing, at a minimum, that each such document was created specifically for, and collected and maintained by, a quality improvement committee." Ex. 41 at 9-10; Mot. 7-10. |
| **12.** | June 9, 2026 | Sea Mar email | Sea Mar confirms that it "has already stated its general position on the Quality Improvement privilege issue in its June 1 letter." Ex. 41 at 7; Mot. 5, 7-10. |



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

The parties discussed at length the central issue in the ACGME's motion: whether Sea Mar may withhold documents under RCW 43.70.510(4). Sea Mar stated on May 28, 2026 that "we won't change our position," Nutter Decl. at ¶ 12, and said again—after additional correspondence—that it "***stands by its objections on the basis of privilege, and will not produce new documents***." Ex. 42 at 6.

Sea Mar's relevance arguments fare no better. Sea Mar placed patient safety squarely at issue by alleging that its program was objectively successful and repeatedly asserting that ***no evidence*** of any adverse patient outcomes or quality issues ***even existed***. The ACGME is entitled to test those allegations through discovery bearing on its defenses, causation, and damages.

On the merits, Sea Mar does not even attempt to meet its burden. It presents ***no*** evidence, ***no*** exhibits, and ***no*** declarations that demonstrate that it has a Quality Improvement Committee that satisfies ***any*** of the statutory requirements. Nor does Sea Mar present ***any*** evidence that the documents it withholds fall within the narrow privilege it raises. Its belated revision of its privilege log and subsequent production only underscore the issue at hand: Sea Mar has in this case withheld responsive, relevant documents under the guise of QI privilege. The Court should compel Sea Mar to produce all documents responsive to the ACGME's requests for production regarding patient endangerment.

## ARGUMENT

### I. The Parties Conferred at Length About the QI Privilege.

The parties conferred repeatedly about RCW 43.70.510(4) and Sea Mar's patient endangerment documents. During the parties' videoconference conferral on May 28, 2026, Sea Mar plainly stated that "a lot" of documents the ACGME requested "are privileged and don't have to be disclosed" under RCW 43.70.510, and it definitively concluded, "we won't change our position" on the privilege. Nutter Decl., ¶ 12. The ACGME nevertheless continued to confer on the issue in good faith.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

The next day, May 29, 2026, the ACGME summarized its understanding that Sea Mar "won't change [its] position," and that Sea Mar contended the QI privilege "is a basis to withhold responsive documents from production" including for, "***among others***, RFP 18." Ex. 41 at 15 (emphasis added). The ACGME summarized its own position: even if the privilege applied in federal court, Sea Mar had failed to show its withheld documents met the requirements—the entire basis of the ACGME's motion. Ex. 41 at 16; *see generally* Mot. The ACGME explained how Sea Mar failed to "provide any basis for showing the documents [Sea Mar] contend[s] are protected, analyzing cases that later appeared in the motion. Ex. 41 at 16. The ACGME concluded its letter confirming that the parties had reached an impasse. *Id.*

Discussing the same case law, Sea Mar responded on June 1, 2026 and maintained that the documents were "created specifically for use by a QI committee" and "within the QI privilege" Ex. 42 at 6. Sea Mar concluded by declaring once again that it "object[s] on the basis of privilege, and ***will not produce new documents***." Ex. 42 at 6.

The ACGME followed up again on June 5, 2026, requesting that Sea Mar meet its burden to substantiate the factual basis for all documents withheld under the QI privilege. Ex. 41 at 9-10 (requesting that "any privilege log entry for documents withheld under RCW 43.70.510(4) . . . ***include facts*** showing, at a minimum, that each such document was 'created specifically for, and collected and maintained by, a quality improvement committee.' RCW 43.70.510(4)."). Sea Mar didn't even attempt to do so. Sea Mar is simply wrong that the ACGME "never bothered to ask" Sea Mar for "the factual predicates for the QI privilege." Opp. 8.

Sea Mar confirmed the parties' impasse in its final correspondence on the issue on June 9, 2026: "Sea Mar has already stated its general position on the Quality Improvement privilege issue in its June 1 letter." Ex. 41 at 7. At no time between June 9, 2026 and the time the ACGME filed its motion did Sea Mar inform the ACGME that it welcomed further conferral, let alone planned to produce some documents it had improperly withheld as privileged.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

Having heard Sea Mar's counsel say on three occasions—once live and twice in writing—that its position would not change, and without any update from Sea Mar that its position had changed, the ACGME then filed its motion on June 24, 2026. Given that history, Sea Mar's post hoc statement that "the conferral process would have continued" is simply not credible. Nor is the allegation that this motion was "procedurally improper," Opp. 1, especially after Sea Mar's counsel complained on June 9, 2026 that the ACGME's "serial and lengthy communications on top of lengthy telephonic conferrals seem intended only to create litigation churn" and were not "a good use of either parties' resources." Ex. 41 at 6. In no sense is that an invitation to confer further.

After the motion was filed, Sea Mar made its unannounced production of some documents it had previously withheld under the QI privilege and demanded that the ACGME withdraw its motion. The ACGME declined. Sea Mar's belated production does not moot the ACGME's motion; Sea Mar has not represented that the production comprised all documents it had previously withheld as privileged. To the extent it still withholds any, the ACGME's motion remains ripe.

## II. Documents Sought Are Relevant to Sea Mar's Claims and ACGME's Defenses.

Sea Mar's primary theory of the case is that "the Program was a success," and that "no such evidence was found or ***even existed*** of sentinel events, adverse patient outcomes, or other quality issues." *See, e.g.*, Second Amended Compl. ¶ 2, ¶ 108 (emphasis added).[2] Sea Mar has thus placed the contents of any documents reporting patient safety concerns—including QI documents—squarely at issue, effectively waiving any ability to invoke privilege. *See Valley Forge Ins. Co. v. Washington Square Hotel Holdings LLC*, 2022 WL 17361442, at *2 (W.D. Wash. Dec. 1, 2022).

The ACGME maintains, and the documents produced even most recently indicate, that Sea Mar's residency program was plagued by startling episodes of patient endangerment. *See, e.g.*, Dkt. 94 at 6. Against that backdrop, Sea Mar chose to allege that there was no evidence of patient

[2] Sea Mar relies on this very argument in its opposition. Opp. 3.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

safety concerns. The ACGME is entitled to discovery that may rebut those allegations. *See In re Packaged Seafood*, 2018 WL 4327876, at *3 (S.D. Cal. Sep. 10, 2018).

**III. Sea Mar Failed to Meet Its Burden to Prove That the Documents Qualify for the Privilege.**

Sea Mar has failed to prove that it may withhold any documents under the QI Privilege. Tellingly, Sea Mar's opposition does not mention ***any*** of the 10 requirements to invoke this privilege, let alone prove that it meets those requirements. RCW 43.70.510(1)(b); RCW 70.41.200(a), (c)–(h). This failure alone is sufficient to compel documents from Sea Mar. *See Adcox v. Children's Orthopedic Hosp. & Med. Ctr.,* 123 Wn.2d 15 (1993) (hospital not entitled to privilege when it failed to show the review committee satisfied the statutory requirements).

Instead of providing any evidence, Sea Mar merely offers a superficial attack on the well-reasoned case law directly addressing this issue. Opp. at 11 (citing *Branco v. Life Care Ctrs. of Am., Inc*, 2006 WL 4484727, at *1 (W.D. Wash. May 4, 2006)). This argument fails for multiple reasons. ***First***, the *Branco* court properly interpreted the statute "narrowly" and "limited to its purposes," as required by state Supreme Court precedent. *Id.* at *1 (citing *Adcox v. Children's Orthopedic Hosp. & Med. Ctr.,* 123 Wn.2d 15 (Wash. 1993)).

***Second***, multiple other courts addressing this issue applied the same narrow standard in *Branco*. *See, e.g.*, *Cornu-Labat v. Hosp. Dist. No. 2 Grant Cnty.*, 177 Wn.2d 221, 236 (2013) (privilege only "applies to the *work product* of committees that oversee and coordinate the quality improvement and medical malpractice prevention program"); *Lowy v PeaceHealth*, 159 Wn. App. 715, 722-23 (2011) (incident information accessible through QI databases not privileged because documents were maintained externally to committee files). In fact, the very case upon which Sea Mar relies—*Seattle Children's Hospital v. King County*—held that the privilege does ***not*** shield "information that 'goes into or comes out of the quality improvement committees.'" 16 Wn. App. 2d 365, 374-75 (2020).



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

Even if Sea Mar's reading of the law were correct, Sea Mar's conclusory statement that the documents "were produced by and for hospital QI committees" falls woefully short of its burden to prove, ***with evidence***, the documents were "created specifically for, and collected and maintained by," a QI committee. Sea Mar does not provide ***a single exhibit or any declaration***. Sea Mar's smattering of produced documents indicates the existence of other responsive, nonprivileged patient endangerment documents. *See, e.g.*, Dkt. 94 at 6. Contrary to Sea Mar's framing, its revision of its privilege log and production of documents underscores the necessity of the ACGME's motion: Sea Mar has withheld documents under the guise of the QI privilege that it now admits were not privileged under RCW 43.70.510.

## CONCLUSION

The ACGME respectfully requests the Court grant the ACGME's motion.

* * *

The undersigned certifies that this reply contains 2,098 words, in compliance with the Local Civil Rules.

Dated: July 15, 2026

By: *s/ Jenna M. Poligo*
Jenna M. Poligo

STOEL RIVES LLP

Vanessa Soriano Power, WSBA No. 30777
vanessa.power@stoel.com
Jenna M. Poligo, WSBA No. 54466
jenna.poligo@stoel.com
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

COVINGTON & BURLING LLP

Nathan E. Shafroth (*pro hac vice*)
nshafroth@cov.com
W. Douglas Sprague (*pro hac vice*)
dsprague@cov.com
Majid Waheed (*pro hac vice*)
mwaheed@cov.com
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: 415.591.6000

Patrick W. Nutter (*pro hac vice*)
pnutter@cov.com
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: 424.303.4643

Nicholas G. Miller (*pro hac vice*)
nmiller@cov.com
620 Eighth Ave.
New York, NY 10018
Telephone: 212.841.1000

*Attorneys for Defendant ACGME*

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on July 15, 2026, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: July 15, 2026

*s/ Jenna M. Poligo*
Jenna M. Poligo



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*