THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SEA MAR COMMUNITY HEALTH CENTERS,<br><br>Plaintiff,<br><br>v.<br><br>ACCREDITATION COUNCIL FOR GRADUATE MEDICAL EDUCATION,<br><br>Defendant. | Case No. 2:24-CV-00896-JNW<br><br>**MOTION TO SEAL CONFIDENTIAL MATERIALS**<br><br>NOTE ON MOTION CALENDAR:<br><br>August 10, 2026 |

Defendant the Accreditation Council for Graduate Medical Education (the "ACGME") and Plaintiff Sea Mar Community Health Centers presented a joint submission under LCR 37 to this Court to address the ACGME's request for additional time to conduct the deposition of Tyler Lawrence. The transcript of Mr. Lawrence's deposition includes testimony that Sea Mar asserts is confidential. To protect the confidentiality of this information, the ACGME moves to seal certain portions of Mr. Lawrence's Deposition Transcript.

On July 1, 2026, counsel for the ACGME contacted counsel for Sea Mar, informing them of the ACGME's anticipated motion seeking additional time for Mr. Lawrence's deposition and inquiring whether Sea Mar intended to designate any portions of the deposition transcript as confidential pursuant to Section 5.2(b) of the Amended Stipulated Protective Order. The parties subsequently conferred on Sea Mar's confidentiality designations on July 6, 2026. Mr. Waheed, Vanessa Power, and Jordan Morris attended the conferral for the ACGME and Mr. Hawley, Cara



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

Wallace, and Conrad Sproul appeared for Sea Mar. At that time, the ACGME took no position on the confidentiality of Mr. Lawrence's testimony but raised the issue to (1) confirm that the entirety of the transcript need not be treated as confidential and (2) to allow Sea Mar the opportunity to protect any testimony that it asserts may be confidential. On July 14, 2026, when circulating its draft opposition position in the parties' LCR 37 submission, Sea Mar identified the following pages of the transcript of Mr. Lawrence's deposition that it designates as confidential:

- 55–59
- 66–68
- 98
- 100
- 110–112
- 116–126
- 130–133
- 138–139
- 143–146
- 149–151
- 171–176
- 179–181
- 183–184
- 188–190
- 199–200
- 209–210
- 217–219

Sea Mar also requested the ACGME redact to certain portions of the parties' LCR 37 Joint Submission. After reviewing Sea Mar's confidentiality designations, the ACGME advised Sea Mar, on July 16, 2026, that it objected to most of its confidential designations, but nonetheless agreed to submit the documents with the requested redactions.

On July 20, 2026, the ACGME filed the parties' Joint Submission and supporting Declaration. A redacted version of the Joint Submission was filed publicly, pursuant to LCR 5(g)(5)(A), and the unredacted version filed under seal. The confidential deposition transcript was filed under seal and, pursuant to LCR 5(g)(5)(A), a redacted version was filed publicly.

The ACGME opposes Sea Mar's broad request to seal the transcript of the deposition of Tyler Lawrence and certain portions of the parties' Joint Submission because sealing is neither warranted under the circumstances nor in the public interest.[1] The information Sea Mar seeks to seal is simply information that reflects badly upon Sea Mar's program and the conduct of Mr. Lawrence. But the mere fact that Sea Mar does not want negative information about its program

[1] The ACGME does not oppose Sea Mar's request to redact the names of specific individuals.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

or Mr. Lawrence's lengthy, non-responsive testimony exposed publicly does not warrant sealing. For these reasons, the Court's presumption of public access should control here. *See* LCR 5(g).

Nevertheless, pursuant to LCR 5(g)(3), the ACGME leaves it to Sea Mar to attempt to justify sealing the identified portions of the deposition transcript in its response pursuant to LCR 5(g)(3)(B). For the foregoing reasons, the ACGME moves to seal certain portions of the parties' Joint Submission and the deposition transcript of Tyler Lawrence, though the ACGME opposes the request and believes that much of the material Sea Mar seeks to seal is not subject to protection.

*I certify that this memorandum contains 585 words, in compliance with the Local Civil Rules.*



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

DATED: July 20, 2026

STOEL RIVES LLP

*s/ Vanessa Soriano Power*
Vanessa Soriano Power, WSBA No. 30777
vanessa.power@stoel.com
Jenna M. Poligo, WSBA No. 54466
jenna.poligo@stoel.com
600 University Street, Suite 3400
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

COVINGTON & BURLING LLP

*s/ Nathan E. Shafroth*
Nathan E. Shafroth (*pro hac vice*)
nshafroth@cov.com
W. Douglas Sprague (*pro hac vice*)
dsprague@cov.com
Majid Waheed (*pro hac vice*)
mwaheed@cov.com
415 Misson Street, Suite 5400
San Francisco, CA 94105
Telephone: 415.591.6000

Patrick W. Nutter (*pro hac vice*)
pnutter@cov.com
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: 424.303.4643

Nicholas G. Miller (*pro hac vice*)
nmiller@cov.com
620 Eighth Ave.
New York, NY 10018
Telephone: 212.841.1000

*Attorneys for Defendant ACGME*