The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEA MAR COMMUNITY HEALTH CENTERS,<br>Plaintiff,<br>v.<br>ACCREDITATION COUNCIL FOR GRADUATE MEDICAL EDUCATION,<br>Defendant. | Case No. 2:24-CV-00896<br>**DECLARATION OF NATHAN SHAFROTH IN SUPPORT OF LCR 37 JOINT SUBMISSION ON DEFENDANT'S MOTION FOR LEAVE TO EXTEND DEPOSITION TIME** |

I, Nathan Shafroth, declare as follows:

1. I am a partner at the law firm Covington & Burling LLP. I am admitted pro hac vice in the above-captioned matter and am counsel of record for defendant Accreditation Council of Graduate Medical Education ("ACGME"). I have personal knowledge of the following facts and could and would testify to them if called to do so.

2. I certify under Local Rule 37 that I conferred with David Robbins, counsel for Plaintiff Sea Mar Community Health Centers ("Sea Mar"), in a good-faith effort to resolve this dispute without court action. As described below, our conference took place in-person and on the record at the end of the deposition of Tyler Lawrence in Seattle, Washington, on June 16, 2026.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

3. According to document metadata, Tyler Lawrence is the custodian for approximately 1,132 documents in this case. His name appears in approximately 2,866 documents.

4. The ACGME noticed the deposition of Tyler Lawrence on June 3, 2026.

5. Lawrence's deposition was held on June 16, 2026 in Seattle, Washington. Attached hereto as **Exhibit 1** is a true copy of the transcript of Lawrence's deposition.

6. During the deposition, Larwrence repeatedly failed to answer questions about Sea Mar's residency program and instead delivered answers that were argumentative and nonresponsive. I made twenty-nine motions to strike Dr. Lawrence's testimony as non-responsive.

7. Lawrence's deposition lasted seven on-record hours, until approximately 6:15 p.m. Once seven hours of record time had elapsed, I conferred with Mr. Robbins on the record about extending and reconvening Lawrence's deposition. Mr. Robbins declined to continue the deposition that evening or on a later date and agreed that the parties' dispute was ripe for the Court to decide.

8. Counsel for the ACGME received the rough transcript after business hours that day, June 16, 2026, at 6:48 p.m. PT. The rough transcript contained many major transcription errors and in a number of relevant places was completely unintelligible.

9. Counsel for the ACGME received the final transcript on July 6, 2026 at 9:30 am PT.

10. I am informed and understand from correspondence on which I was copied that certain of my colleagues and co-counsel for the ACGME conferred via videoconference with counsel for Sea Mar on July 6, 2026 at 3:00 pm PT to discuss this motion and determine the parties' procedure for redactions and sealing. During the call, the parties agreed to communicate their preferences for redaction or sealing of the motion and related exhibits via email. The next



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

day, July 7, 2026 at 8:34 am PT, counsel for Sea Mar agreed to utilize the LR 37 joint submission process for this motion.

11. The ACGME exercised reasonable diligence to prepare this motion, including reviewing the factual and legal bases for relief, and provided its opening portion of the LR 37 submission to Sea Mar the very next day after receiving the final Lawrence transcript, and the same day that Sea Mar agreed to utilize the LR 37 process.

**A. <u>Lawrence's Non-Responsive Answers</u>**

12. Throughout his deposition, Lawrence repeatedly gave nonresponsive answers, often in response to yes-or-no questions. The following are examples of Lawrence's nonresponsive answers:

13. When I asked whether national survey results were generated via a surveying faculty at all programs, Lawrence gave the following response:

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

some of the residents that came to the program, the faculty hired. [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Ex. 1 at 55:9–59:11.

14. Lawrence also gave nonresponsive answers in response to a number of foundational questions asking him whether I had correctly read from the document:

[redacted]

[redacted]

[redacted]

[redacted]



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

[redacted]

Ex. 1 at 116:6–23.

15. Lawrence continued to give nonresponsive answers throughout the deposition. For example, after establishing that a Sea Mar resident had explained in a focus group that "there are instances where I do not receive any feedback at all," I asked, "Is it a good thing for a resident to not receive any feedback from faculty at all?" Lawrence responded as follows, which lasted nearly three minutes:

[redacted]

[redacted]

[redacted]

[redacted]



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

rate. That's just their benchmark. Nothing -- something a little out [redacted]

[redacted]

[redacted]

Ex. 1 at 117:4–119:3 (367-word narrative response).

16. Although I moved to strike Lawrence's non-responsive speech and repeated the question in yes-or-no format, Lawrence responded, "I'll give you a good answer" and provided another nonresponsive argument:

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Ex. 1 at 119:22–122:3 (349-word narrative response).

17. In another instance, Lawrence provided a 355-word non-responsive narrative following a yes-or-no question:

[redacted]



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

Ex. 1 at 124:24–127:1.

18. At times, Lawrence gave lengthy, nonresponsive answers in response to foundational questions, such as "Do you see that?":

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Ex. 1 at 180:17–181:23.



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

19. Shortly after, Lawrence again interjected when no question was pending to provide unsolicited criticism of the resident's survey responses:

[redacted]

*Id.* at 188:20–189:21.

20. Indeed, Lawrence's nonresponsive answers in response to my question, "Do you see that?" occurred on multiple occasions:

[redacted]



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

[redacted]

[redacted]

[redacted]

[redacted]

[redacted] [redacted]

*Id.* at 209:24–210:19 (114-word narrative response).

21. In some instances, Lawrence appeared to have forgotten the question he was asked by the time he completed his nonresponsive narratives and arguments:

[redacted]

[redacted]

[redacted]

[redacted]



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

[redacted]

[redacted]

[redacted]

[redacted]

Ex. 1 at 183:18–184:14.

22. Lawrence again appeared to forget my question after a 280-word non-responsive speech:

[redacted]

[redacted]

[redacted]

[redacted]



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

[redacted]

Ex. 1 at 217:23–219:15 (280-word narrative response).

**B. Lawrence's Time-Consuming Reading of Documents**

23. Beyond his nonresponsive behavior, Lawrence engaged in numerous instances of reading entire documents to himself to answer basic, foundational questions, such as "[The document is] titled [X]?" For example, when I asked whether he saw a single heading on the page, Lawrence spent nearly five minutes reading different parts of the exhibit:

> Q: If you turn to the second page of Exhibit 9, you see there's a [redacted]



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

[redacted]

Ex. 1 at 123:4–124:2 (interaction lasting from 12:46:28 until 12:50:31) (emphasis added).

24. At one point, in response to the question, "Do you see that?" pertaining to a single bullet point on a single page, Lawrence attempted to read the entire document:

[redacted]



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

[redacted]

Ex. 1 at 138:14–139:5.

I declare under penalty of perjury the foregoing is true and correct. Executed on the below date in San Francisco, California.

Dated: July 7, 2026

*/s/ Nathan Shafroth*

Nathan Shafroth



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*