THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEA MAR COMMUNITY HEALTH CENTERS,<br><br>Plaintiff,<br><br>v.<br><br>ACCREDITATION COUNCIL FOR GRADUATE MEDICAL EDUCATION,<br><br>Defendant. | Case No. C24-896 JNW<br><br>**SEA MAR'S RESPONSE IN SUPPORT OF ACGME'S MOTION TO SEAL CONFIDENTIAL MATERIALS SUBMITTED WITH MOTION FOR LEAVE TO EXTEND DEPOSITION TIME**<br><br>NOTE ON MOTION CALENDAR: AUGUST 10, 2026 |

## INTRODUCTION

Pursuant to Local Rules W.D. Wash. LCR 5(g)(3)(B), Sea Mar responds to support the sealing of certain portions of the deposition transcript of Tyler Lawrence, Ph.D., taken June 16, 2026 (the "Lawrence Deposition"), as described in ACGME's Motion to Seal Confidential Materials. Dkt. 114.

Sea Mar seeks to seal specific, discrete pages of the Lawrence Deposition containing confidential resident and faculty survey results, candid resident commentary provided with an expectation of confidentiality in connection with ACGME's accreditation review process, and sensitive information regarding the purpose and contents of Sea Mar's internal focus groups. The previously filed Declaration of Ricardo Jimenez, M.D., Dkt. 110 ("Jimenez Decl."), addresses the privacy and confidentiality interests of the nonparty residents, faculty, and staff implicated by the



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

categories of information at issue. Moreover, the Lawrence Deposition was filed under seal in connection with the parties' LCR 37 joint submission regarding ACGME's request for additional deposition time—a non-dispositive discovery motion. For these reasons, good cause exists to seal limited, specific pages of the transcript that contain the categories of sensitive material described below.

## LEGAL STANDARD

Though courts deciding a motion to seal "start with a strong presumption in favor of access" to "court records," this presumption is not absolute and can be rebutted. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Materials attached to a non-dispositive motion are often "unrelated, or only tangentially related, to the underlying cause of action," and the public has less need to access such records. *Id*. (citation modified). The Court has discretion to seal such materials on a showing that "good cause" supports sealing. *Id.* at 1180. Good cause exists where "specific prejudice or harm will result if no protective order is granted," *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002), and requires "balancing the needs for discovery against the need[s] for confidentiality," *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips*, 307 F.3d at 1213).

Consistent with these principles, courts (including in this district) routinely protect nonpublic confidential information when disclosure could harm private or institutional interests. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal[.]" (citation modified)); *Silver Fern Chem., Inc. v. Lyons*, No. 23-CV-00775TL, 2023 WL 4624477, at *3 (W.D. Wash. July 19, 2023) (sealing customer and vendor information that "derive their value from their confidentiality"); *Mahone v. Amazon.com, Inc.*, No. C22-594 MJP, 2024 WL 965139, at *2 (W.D. Wash. Mar. 6, 2024) (personal identifying information concerning specific employees should be redacted from public filing). In particular,



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

good cause exists when sealing would protect sensitive business information. *See, e.g.*, *Zunum Aero, Inc. v. Boeing Co.*, No. C21-0896JLR, 2024 WL 492228, at *2 (W.D. Wash. Feb. 8, 2024). This information includes discussions related to business matters that are not generally known to customers and competitors. *See, e.g.*, *PUMA SE v. Brooks Sports, Inc.*, No. 23-CV-00116-LK, 2024 WL 4495309, at *2 (W.D. Wash. Oct. 15, 2024) (sealing from disclosure internal strategy and development information that would cause harm to moving party's operations); *Reald Spark, LLC v. Microsoft Corp.*, No. 22-CV-00942-TL, 2023 WL 8020171, at *3 (W.D. Wash. Nov. 20, 2023) (financial data and other marketing or strategic information related to ongoing business activities would justify sealing under good-cause standard); *Clearly Food & Beverage Co. v. Top Shelf Beverages, Inc.*, 102 F.Supp.3d 1154, 1179 (W.D. Wash. 2015) (finding business plans, marketing strategies, financial history and projections, and other confidential information could be used against the company and warranted sealing).

## ARGUMENT

The strong presumption of public access is not absolute and yields where, as here, the moving party identifies "specific prejudice or harm" that will result from disclosure. *Phillips*, 307 F.3d at 1210–11. Sealing the portions of the Lawrence Deposition addressed below satisfies Federal Rule of Civil Procedure 26(c)'s good-cause standard because the excerpts are attached to a non-dispositive discovery motion and their disclosure would cause concrete, identifiable harm—to the privacy and safety of nonparty residents and faculty, to the integrity and candor of ACGME's confidential accreditation review process, and to the institutional interests underlying that process—that no less-restrictive measure than sealing or targeted redaction can prevent.

### I. Sensitive Survey Results

Pages 55–56 of the Lawrence Deposition contain Dr. Lawrence's testimony discussing Sea Mar's confidential internal faculty and resident survey results, including specific comparisons of Sea Mar's results to "compliance" benchmarks ostensibly created by ACGME.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

This information constitutes nonpublic, proprietary institutional data that ACGME puts forth during its accreditation review process. Its definition of "compliance" and its purported benchmarks are ACGME-generated constructs, and their disclosure would harm Sea Mar's institutional interests by publicly revealing, without context, Sea Mar's compliance metrics that are not publicly available and "derive their value from their confidentiality." *Silver Fern Chem.*, 2023 WL 4624477, at *3; *see also Zunum Aero*, 2024 WL 492228, at *2 (good cause to seal sensitive business information). Public disclosure of these nonpublic accreditation-related survey analyses would also risk chilling future candor in the survey process itself, undermining the very mechanism by which ACGME claims to monitor graduate medical education programs. *See* Jimenez Decl. ¶ 13(c).

## II. Confidential Focus-Group Purpose and Contents

Pages 66–68, 98, and 110–12 of the Lawrence Deposition contain testimony that identifies confidential focus groups that Sea Mar conducted internally (designated R1, R2, and R3) and includes the stated purpose for these focus groups and confidential comments provided by residents.

Sea Mar's internal focus groups are conducted with an express assurance of confidentiality to encourage candid participation by residents, and the results were not intended to be shared outside Sea Mar. Disclosure of the focus-group structure and facilitator identities and the specific, candid comments made by participants would undermine the confidentiality of Sea Mar's internal quality-review and improvement processes, expose identifiable residents to potential embarrassment, and chill future participation in these focus groups—thereby impairing Sea Mar's ability to candidly assess and address resident concerns. *See* Jimenez Decl. ¶ 13(a), (c). Good cause supports sealing this material. *See Kamakana*, 447 F.3d at 1180; *Mahone*, 2024 WL 965139, at *2.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**III. Sensitive Resident Feedback and Patient Information**

The remaining pages Sea Mar seeks to seal (pages 116–26, 130–33, 138–39, 143–46, 149–51, 171–76, 179–81, 183–84, 188–90, 199–200, 209–10, and 217–19) contain candid, identifiable resident and faculty commentary provided in connection with Sea Mar's efforts to understand ACGME survey results and assess resident and faculty opinion in connection with ACGME's accreditation review—all obtained with assurances of confidentiality. This testimony addresses the frequency and quality of feedback residents received from preceptors and faculty and program-director activity; specific details related to confidential resident feedback; the design, methodology, and anonymity rationale underlying Sea Mar's internal survey instruments; and quality-assurance concerns and friction among identifiable faculty members.

Taken together, this material reflects candid, confidential resident and faculty feedback given to Sea Mar internally with an express or implied expectation of confidentiality in connection with ACGME's accreditation review process. Disclosure would expose identifiable residents and faculty to "annoyance, embarrassment, [and] oppression"; chill future candor and participation in Sea Mar's quality-improvement efforts; and implicate resident privacy interests. *See* Jimenez Decl. ¶¶ 12, 13(a)–(b), (e); *Phillips*, 307 F.3d at 1210–11; *Kamakana*, 447 F.3d at 1180; *Mahone*, 2024 WL 965139, at *2. Just as courts redact "personal identifying information … concerning specific employees[]" from public filings, the identities, narratives, and sensitive disclosures of these residents and faculty warrant protection. *See Mahone*, 2024 WL 965139, at *2. Beyond the harm to identifiable individuals, disclosure would chill future resident participation in Sea Mar's internal surveys and focus groups, resulting in harm not only to the parties but to the public interest in maintaining effective oversight of graduate medical education. Because that harm is specific and nonspeculative, good cause supports sealing these pages. *See Phillips*, 307 F.3d at 1210–11; *Abdulmalikov*, 2024 WL 4449932, at *2.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**IV. Narrow Tailoring**

Sea Mar's request is narrowly tailored. Consistent with LCR 5(g)'s least-restrictive-means requirement, Sea Mar has reviewed the Lawrence Deposition on a page-by-page basis and requests sealing only specific, discrete pages containing the categories of sensitive material described above.

Maintaining the identified pages under seal will not prevent the public from understanding the judicial process or the parties' legal arguments in this case—particularly given the underlying motion is a non-dispositive discovery dispute. *See Kamakana*, 447 F.3d at 1179; Jimenez Decl. ¶ 13(e). The public portions of the Lawrence Deposition, together with the parties' briefing, allow the public to understand the arguments and the basis for the Court's ruling. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013) (applying Ninth Circuit law and reversing district court ruling as abuse of discretion where confidential information was unnecessary to public's understanding of case).

**CONCLUSION**

Sea Mar seeks to protect granular confidential details—resident and faculty survey data; focus-group contents and methodology; candid resident commentary regarding feedback and patient safety; and identifying information of residents and faculty—that are unnecessary to the resolution of a non-dispositive motion and could chill candor in future accreditation reviews. That is precisely the type of protective relief contemplated by Rule 26(c)'s good-cause standard. Sea Mar therefore respectfully requests that the Court find good cause and grant sealing of the requested pages from the Lawrence Deposition transcript.

* * *

The undersigned certifies that this response contains 1,592 words, in compliance with the Local Civil Rules.



**Ashurst Perkins Coie US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Dated: August 4, 2026

By: *s/ David B. Robbins*

David B. Robbins, WSBA No. 13628
James F. Williams, WSBA No. 23613
Matthew P. Gordon, WSBA No. 41128
Cara V. Wallace, WSBA No. 50111
Jonathan P. Hawley, WSBA No. 56297
Juliana L. Bennington, WSBA No. 60357
Conrad A. Sproul, WSBA No. 62885
**ASHURST PERKINS COIE US LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
David.Robbins@ashurstperkins.com
James.Williams@ashurstperkins.com
Matthew.Gordon@ashurstperkins.com
Cara.Wallace@ashurstperkins.com
Jonathan.Hawley@ashurstperkins.com
Juliana.Bennington@ashurstperkins.com
Conrad.Sproul@ashurstperkins.com

*Attorneys for Plaintiff*
*Sea Mar Community Health Centers*