THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

SEA MAR COMMUNITY HEALTH CENTERS,

Plaintiff,

v.

ACCREDITATION COUNCIL FOR GRADUATE MEDICAL EDUCATION,

Defendant.

Case No. 2:24-CV-00896-JNW

**THE ACGME'S MOTION TO COMPEL SEA MAR'S RULE 30(b)(6) TESTIMONY**

NOTE ON MOTION CALENDAR:
October 1, 2026

**REDACTED**

## I. INTRODUCTION

Despite agreeing to present a corporate witness on agreed topics, Sea Mar Community Health Centers ("Sea Mar") provided a Rule 30(b)(6) witness who was pervasively evasive, non-responsive, and unable to provide even basic answers. This is not an issue of overbreadth or scope. That is because the parties specifically conferred and negotiated the agreed scope of the topics. On two of those limited, agreed topics, Defendant Accreditation Council for Graduate Medical Education (the "ACGME") seeks an order compelling Sea Mar to provide a Rule 30(b)(6) witness who is adequately prepared and responsive on Topics 5 and 11. Given Sea Mar's recalcitrance, the ACGME also asks the Court for reimbursement of the ACGME's attorneys' fees and costs to be incurred in securing the supplemental testimony.

A corporation does not satisfy its Rule 30(b)(6) obligation by producing a witness who can merely testify from personal memory, disclaim knowledge, or demand to review documents before



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
Telephone 206.624.0900

answering. The corporation must prepare its designee to testify to the entity's collective knowledge on the noted topics, including information reasonably available through documents and other personnel. Here, Sea Mar's designated witness, Dr. Tyler Lawrence: (1) was unprepared to answer basic questions on discrete, agreed topics; (2) repeatedly, and incorrectly, asserted that questions were "outside the corporate topics;" (3) deflected questions about Sea Mar's actions and knowledge—to which he was designated to testify—by claiming he would be speculating due to lack of personal knowledge; and (4) provided wholly non-responsive answers in lengthy narratives. Where, as here, the designee repeatedly deflects any knowledge, incorrectly asserts that the questions fall outside the scope of designated testimony, or that documents are needed to answer basic questions on agreed topics, the deposition is the functional equivalent of no meaningful corporate testimony at all.

Sea Mar's failure is particularly prejudicial to the ACGME because the unanswered questions go to the heart of Sea Mar's claims and the ACGME's defenses—Sea Mar's response (or failure to respond) to internal survey findings that identified numerous deficiencies in Sea Mar's program, Sea Mar's preparation for the ACGME's site visit during which it was responsible to show compliance with all family medicine accreditation requirements, and Sea Mar's discussions, and steps taken, to consider reapplication for accreditation. Sea Mar may not want to have to answer questions on these topics directly because the answers will shed further light on Sea Mar's program failings and will bolster the ACGME's defenses. Refusing to provide a competent witness who can plainly answer questions on agreed topics, however, is improper gamesmanship. Such litigation tactics cannot be allowed to stand. Sea Mar should be compelled to provide a competent witness on agreed topics.

## II. FACTUAL BACKGROUND

This dispute arises in the context of Sea Mar's lawsuit against the ACGME. Sea Mar alleges that the ACGME's withdrawal of accreditation for Sea Mar's Family Medicine Residency Program was unlawful. To support its claims, Sea Mar has put at issue not only the process that



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
Telephone 206.624.0900

the ACGME followed to withdraw accreditation (and to affirm that decision through an internal appeal process), but Sea Mar has also put at issue the validity of the compliance citations the ACGME relied upon to support the decision to withdraw accreditation. As a result, Sea Mar's own actions and omissions related to the program, and actions taken to re-apply for accreditation (if any), are key to the ACGME's defenses and mitigation of alleged damages.

### A. The Parties Conferred and Agreed to Topics of Testimony for the Rule 30(b)(6) Deposition of Sea Mar.

The ACGME's initial Rule 30(b)(6) deposition notice issued on July 10, 2026, and directed to Sea Mar contained 13 topics. Declaration of Vanessa Power ("Power Decl.") Ex. A. Counsel for the ACGME and Sea Mar conferred multiple times in writing and on calls to discuss the scope of the topics. *Id.* ¶ 4 (including calls on July 23 and 25, 2026, and letters and emails dated July 29, August 2, August 3, and August 4, 2026). Through the conferral process, the parties came to agreement on an amended scope that narrowed and made more concrete the scope of testimony. *Id.* The ACGME issued an Amended Rule 30(b)(6) deposition notice. *Id.*, Ex. B. And Sea Mar confirmed agreement by letter dated August 6, 2026. *Id.*, Ex. C.

Sea Mar confirmed its agreement to "reasonably prepare witnesses to testify to the as-agreed topics." *Id.* Specific to this motion, Sea Mar agreed to the following (in relevant part):

> **Sea Mar and ACGME's Agreed to Topic 5:** Subject to and without waiving its objections, Sea Mar will designate a corporate representative to testify regarding Sea Mar's preparation for the February 20, 2024 Site Visit ("Site Visit") post-dating its announcement to Sea Mar on October 11, 2023, specifically:
>
> - Surveys or focus group data reviewed as a part of Sea Mar's preparation for the Site Visit;
> - Sea Mar's communications with WWAMI in preparing for the Site Visit[.]
>
> **Sea Mar and ACGME's Agreed to Topic 11:** Subject to and without waiving its objections, Sea Mar will designate a corporate representative to testify regarding any formal non-privileged Sea Mar management deliberation over re-applying for new Family Medicine program accreditation and specifically:



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

- Any Sea Mar management discussions with Providence around May 2024 regarding re-applying;
- Any Sea Mar management discussions with WWAMI regarding re-applying;
- Any Sea Mar management discussions with Ted Epperly regarding re-applying; and
- Any discussions by the Graduate Medical Education Council or by Sea Mar's management regarding reapplication for accreditation of its Marysville program.

*See* Power Decl, Ex. C.

### B. Sea Mar's Corporate Representative, Lawrence, Provided Evasive and Non-Responsive Testimony on Agreed-Upon Topics.

On August 14, 2026, Sea Mar presented Lawrence as its designated corporate representative witness on specific topics, including the "Agreed To" Topics 5 and 11. Power Decl. ¶ 6. [redacted] That time, it turned out, did not prepare Lawrence to provide competent testimony on the agreed-to topics. Nor did it help for Lawrence to have reams of material to reference during the deposition—two binders of more than 1,000 pages of litigation documents and attorney argument. Representative examples of Lawrence's deficient answers include the following:



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

| Topic 5: Sea Mar's Preparation for Site Visit and Review of Surveys and Focus Groups | |
| --- | --- |
| Sea Mar engaged an outside consultant, Evans, to help Sea Mar prepare for the ACGME site visit. Sea Mar shared survey material with Evans. Evans made recommendations to Sea Mar to prepare for the site visit. [redacted] | |
| [redacted] | [redacted] |



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
Telephone 206.624.0900

| Topic 5: Sea Mar's Communications with WWAMI in Preparing for Site Visit | |
|---|---|
| [redacted] | |
| [redacted] | [redacted] |



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

| Topic 11: Discussions with Providence about Reapplication | |
| --- | --- |
| [redacted] | |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| Topic 11: Discussions with WWAMI or Ted Epperly about Reapplication | |
| [redacted] | |
| [redacted] | [redacted] |



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
Telephone 206.624.0900

**C. Conferral Fails to Remedy Sea Mar's Deficiencies.**

On August 19, 2026, the ACGME notified Sea Mar of deficiencies with Sea Mar's 30(b)(6) testimony, and specifically identified Lawrence's failure to offer responsive testimony on portions of agreed-upon Topics 1 and 5, and all of agreed-upon Topic 11. Power Decl., Ex. E. Counsel conferred on August 21, 2026, and again on September 10, 2026. *Id.* ¶ 10. In response, the ACGME declined to pursue further relief with respect to Topic 1. *Id.* With respect to Topics 5 and 11, the ACGME confirmed that Sea Mar's testimony was deficient and could only be remedied by further examination of a competent witness who would provide responsive testimony. *Id.*, Ex. F. Sea Mar refused. *Id.*

## III. ARGUMENT

**A. Legal Standard**

The ACGME is entitled to a fair and fulsome deposition of Sea Mar on the agreed upon topics. *See* Fed. R. Civ. P. 30(d)(2); 37. In the context of a Rule 30(b)(6) corporate deposition, the representative witness must be prepared to testify as to the matters known or reasonably available to the organization. Fed. R. Civ. P. 30(b)(6). "[A] corporation has a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Wild Fish Conservancy v. Cook Aquaculture Pacific, LLC*, Case No. 17-cv-1708-JCC, 2019 WL 1755306, at *2 (W.D. Wash. April 19, 2019) (quoting *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan. 1999)) ("When a corporation designates a person to testify on its behalf and the agent is not knowledgeable about relevant facts, then the appearance is, for all practical purposes, no appearance at all."); "Sanctions are available under Rule 37(b)(1)(A)(i) when the failure to produce an adequately prepared witness pursuant to Rule 30(b)(6) is tantamount to a failure to appear." *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 289 (N.D. Cal. 2015).



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

**B. Lawrence was Unprepared to Address Topics on which Sea Mar Specifically Conferred On, Negotiated, and Agreed to Provide a Competent Witness.**

After spending substantial time and effort conferring and negotiating with Sea Mar on the ACGME's Rule 30(b)(6) deposition topics, Sea Mar agreed to provide a competent witness on specific topics. Instead, Sea Mar designated Lawrence, who approached his deposition testimony with gamesmanship and evasiveness. Lawrence claimed ignorance as to critical topics and failed to provide substantive answers. When pressed, he tried to qualify his answers based on personal knowledge, feigned ignorance, and suggested that he could only answer if he saw unspecified documents out of "thousands." This tactic does not suffice to comply with Sea Mar's obligations to adequately prepare a witness for these topics in advance of the Rule 30(b)(6) deposition.

**Evasive and Non-Responsive.** The most blatant showing of Lawrence's unpreparedness was his refusal to directly answer questions about Sea Mar's discussions about reapplying for accreditation (Topic 11). Sea Mar's decision whether to apply for reaccreditation is a significant factor in assessing both the ACGME's defenses and Sea Mar's alleged damages. But Lawrence refused to even confirm whether such discussions occurred, sparring with questioning counsel as if it were a game, and suggesting that because counsel attended meetings, he somehow could not answer. But no privilege was asserted and no direct answer was provided.

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

[redacted]

After extended questioning, and only when asked leading questions by *Sea Mar's* lawyer at the tail end of the deposition, [redacted] This semantic gamesmanship is just the type of evasion Rule 30(b)(6) is designed to prevent. A corporate witness does not get to avoid answering question on an agreed topic by trying to draw a technical and subjective distinction between words that clearly encompass the same subject. Regardless, the ACGME remains entitled to fulsome testimony on this topic.

**Evasive and Non-Responsive.** Lawrence showcased the same evasiveness for the ACGME's questions about Sea Mar's discussions with third-parties WWAMI and Ted Epperly regarding reapplication. Lawrence repeatedly stated that if discussions took place, they would have included counsel. That is not an answer. Even if Sea Mar's counsel participated in such discussions, the discussions were with third parties so no privilege would have attached. Lawrence failed to confirm whether discussions occurred and if they did, who (specifically) they involved, when they occurred, and what was discussed. These were discrete, concrete topics for which Lawrence was either utterly unprepared or completely evasive. Such antics should not be tolerated, as Lawrence's duty to be prepared "goes beyond matters personally known to the witness or to



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
Telephone 206.624.0900

matters in which the designated witness was personally involved." *Alvarado-Herrera v. Acuity*, 344 F.R.D. 103, 107 (D. Nev. 2023).

**Non-Responsive.** When asked about changes Sea Mar planned or implemented in response to survey results or focus groups, [redacted] When resident survey responses identified specific issues, including 80-hour work limit violations, lack of faculty feedback, supervision by nurse practitioners and not physicians, and risks to patient safety, [redacted]

**Evasive.** When shown a document in which Sea Mar's Chief Medical Officer directed Lawrence to [redacted] Such litigation spin is not valid corporate testimony.

**Unprepared and Non-Responsive.** Lawrence confirmed that in preparation for the ACGME's site visit, Sea Mar's consultant David Evans conducted a mock site visit on February 7, 2024. But Lawrence could not testify about which of Evans's recommendations Sea Mar followed and which it did not. [redacted]





STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

[redacted]

"[A] Rule 30(b)(6) deponent does not meet his or her duty to testify to a corporation's knowledge simply by pointing opposing counsel to other discovery documents that have been produced." *Wild Fish Conservancy*, 2019 WL 1755306, at *3 (citing *Great Am. Ins. Co. of N.Y. v. Vegas Const. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008)). Such tactics frustrate a party's ability to develop testimony regarding the noted topics. *Id*. In *Wild Fish Conservancy*, the Court concluded that the corporate witness was not adequately prepared to testify about topics, finding repeated reference to documents "evasive because they failed to provide a responsive answer and instead vaguely referred Plaintiff to various documents 'in the record.'" *Wild Fish Conservancy*, 2019 WL 1755306 at *3, Case No. 17-cv-1708-JCC (W.D. Wash. April 19, 2019). The *Wild Fish* Court found that a deponent "does not meet his or her duty to testify to a corporation's knowledge simply by pointing opposing counsel to other discovery documents that have been produced." *Id.* The same holds true here.

**C. Additional Deposition Time and Reimbursement of Fees and Costs Should be Awarded.**

Sea Mar did not present a witness who could provide meaningful corporate testimony on key topics. These were not marginal or surprise subjects – they were agreed-upon Rule 30(b)(6) topics that go directly to the facts Sea Mar has placed at issue in this case. A party cannot assert claims premised on ACGME's accreditation decisions while withholding the corporation's knowledge about its own survey responses, site-visit preparation, and reapplication efforts through an unprepared designee. Because Lawrence substantially claimed ignorance, disclaimed the ability to speak for Sea Mar, or attempted to deflect answers, the ACGME was deprived of the fair examination Rule 30(b)(6) is intended to provide. That prejudice cannot be cured by Sea Mar's prior document productions or by Lawrence's incomplete personal recollection; the ACGME is entitled to testimony reflecting Sea Mar's collective knowledge so it can test Sea Mar's allegations,



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

pursue its defenses, and prepare for trial. The ACGME is not asking for another full-day deposition, only the amount of time necessary to adequately cover the outstanding topics. To address outstanding testimony, the ACGME asks the Court to allow an additional two (2) hours of testimony.

"The Court may award reasonable expenses and attorneys' fees incurred … on a person who impedes, delays, or frustrates the fair examination of a deponent." Fed. R. Civ. P. 30(d)(2). This includes fees and costs associated with conducting a second deposition. *SunTrust Banks Inc.*, 614 F.Supp.3d at 889 ("Because Plaintiff's witness was not prepared to answer even basic questions about the facts here, Plaintiff must provide one or more additional 30(b)(6) witnesses at its expense…"); *see also Treemo, Inc. v. Flipboard, Inc.*, Case No. C13-1218-JPD, 2014 WL 12029197, at *1 (W.D. Wash. Jan. 14, 2014) (ordering party to produce another witness at its expense where its Rule 30(b)(6) designee had "lack of knowledge on relevant topics."). The same holds true here to support an award of fees and costs.

## CONCLUSION

Sea Mar should be ordered to produce a witness to address the outstanding subjects of testimony within Topics 5 and 11, and in light of Lawrence's evasiveness and non-responsiveness, award the ACGME reimbursement of its fees and costs to be incurred in concluding the deposition.

## CERTIFICATION ON CONFERRAL

*I certify that the Parties met and conferred to determine whether this Motion to Compel could be avoided and the Parties determined that the filing of the ACGME's Motion could not be avoided.*

*I certify that this memorandum contains 3,960 words, in compliance with Local Civil Rules.*



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

DATED September 10, 2026.

STOEL RIVES LLP

s/ Vanessa Soriano Power
Vanessa Soriano Power, WSBA No. 30777
vanessa.power@stoel.com
Jenna M. Poligo, WSBA No. 54466
jenna.poligo@stoel.com
600 University Street, Suite 3400
Seattle, WA 98101
Telephone: 206.624.0900

COVINGTON & BURLING LLP

Nathan E. Shafroth (*pro hac vice*)
nshafroth@cov.com
W. Douglas Sprague (*pro hac vice*)
dsprague@cov.com
Majid Waheed (*pro hac vice*)
mwaheed@cov.com
415 Misson Street, Suite 5400
San Francisco, CA 94105
Telephone: 415.591.6000

Patrick W. Nutter (*pro hac vice*)
pnutter@cov.com
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: 424.303.4643

Nicholas G. Miller (*pro hac vice*)
nmiller@cov.com
620 Eighth Ave.
New York, NY 10018
Telephone: 212.841.1000

*Attorneys for Defendant ACGME*