THE HONORABLE JAMAL WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SEA MAR COMMUNITY HEALTH CENTERS,<br><br>Plaintiff,<br><br>v.<br><br>ACCREDITATION COUNCIL FOR GRADUATE MEDICAL EDUCATION,<br><br>Defendant. | Case No. 2:24-CV-00896-JNW<br><br>**THE ACGME'S RESPONSE TO DKT. 148 IN SUPPORT OF SEALING MATERIAL SUBMITTED WITH SEA MAR'S MOTION TO COMPEL ADDITIONAL 30(b)(6) TESTIMONY** |

## I. INTRODUCTION

Pursuant to LCR 5(g)(3)(B), the Accreditation Council for Graduate Medical Education (the "ACGME") responds to the Motion to Seal (Dkt. 148) filed with Plaintiff Sea Mar's Motion to Compel 30(b)(6) Testimony from the ACGME. As set forth below, the ACGME:

(a) Lifts confidentiality and does not seek to seal Exhibits 13, 15, and 19;

(b) Seeks limited redactions to protect against disclosure of individual's identities (Exhibits 1, 16, and 17, and related documents filed in response to the motion to compel at Exhibits A and D to the Power Declaration); and

(c) Seeks to maintain just one document under seal (Exhibit 14).

The ACGME's sealing requests are limited and meet the standard for redaction and sealing under LCR 5(g)(3)(B).



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
Telephone 206.624.0900

## II. LEGAL STANDARD

In the context of the presumption of access to public records, a party seeking to keep material under seal must show: (1) "the legitimate private or public interests that warrant the relief sought;" (2) "the injury that will result if the relief sought is not granted;" and (3) "why a less restrictive alternative to the relief sought is not sufficient." *See* LCR 5(g)(3). Likewise, under Rule 26(c), this Court has broad discretion to permit sealing of documents for the protection of "a trade secret or other confidential research, development or commercial information." Fed. R. Civ. P. 26(c)(1)(G); *PUMA SE v. Brooks Sports, Inc.*, No. 23-cv-116-LK, 2024 WL 4495309, at *2 (W.D. Wash. Oct. 15, 2024) (sealing internal strategy information that, if disclosed publicly, would cause harm to operations). Finally, filings may be redacted to protect the privacy interests of individuals. *See Mahone v. Amacon.com, Inc.*, No. 22-cv-594-MJP, 2024 WL 965139, at *2 (W.D. Wash. Mar. 6, 2024) (permitting redaction of personally identifying information of individuals).

## III. ARGUMENT

### A. Documents that May be Unsealed and Publicly Filed (Exhibits 13, 15, 19).

The ACGME lifts confidentiality, and does not oppose public filing, of **Exhibit 13** (the ACGME's document retention policy), **Exhibit 15** (the ACGME's reference manual for appeals panelists); and **Exhibit 19** (the ACGME's Board of Directors Meeting Minutes from September 28, 2024. The Court may deny the motion as to these exhibits as moot given the ACGME's position.

### B. Documents for Which Redaction is Warranted (Exhibits 1, 16, 17) and Related Documents Filed in Opposition to Motion.

The ACGME does not seek wholesale sealing of all documents. With respect to Exhibits 1, 16, and 17, redactions will provide sufficient protection for privacy and confidentiality concerns, while allowing for the remainder of the documents to be publicly filed.

**Exhibit 1** is an excerpt of the deposition transcript of the ACGME's Rule 30(b)(6) designee, Dr. Klingensmith. The excerpt was designated "confidential" under the protective order.





STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

The ACGME seeks redaction to protect against the disclosure and identification of four individuals who have not otherwise appeared publicly in this case (such as by filing declarations). The standard under LCR 5(g)(3) is met.

To support candor in all stages of review of an institution's accreditation, the ACGME applies strict confidentiality to the process, including the identities of individual reviewers, to prevent public disclosure. Declaration of Mary Klingensmith, MD ("Klingensmith Decl.") ¶ 3. This reflects a legitimate interest warranting redaction of the names of individuals who have not otherwise been disclosed in public filings in this litigation. If redaction is not permitted, and the identities of these individuals are disclosed, it could have a chilling effect on the willingness of individuals to volunteer their time to participate in the ACGME's accreditation processes and operations. *Id.*; *Mahone*, 2024 WL 965139, at *2. The proposal for sealing is limited—the ACGME does not seek to seal the entirety of the transcript, only to redact the names of four specific individuals. Klingensmith Decl. ¶ 3. There is no harm or prejudice to either Sea Mar or the public in doing so. The substantive relevant testimony from the deposition transcript is publicly accessible.

**Exhibit 16** is an excerpt of the ACGME's interrogatory answers. The interrogatory answer at issue is designated "confidential" under the protective order to protect against disclosure of one of the four individuals at issue under the ACGME's Rule 30(b)(6) transcript, addressed above. *Id.* ¶ 4. Similarly, **Exhibit 17** is an excerpt of the deposition transcript of that same one of the four individuals at issue under the ACGME's Rule 30(b)(6) transcript, addressed above. The excerpt was designated "confidential" under the protective order. For the same reasons, redaction should be permitted to protect against disclosure of the identity of the witness, who has not otherwise publicly appeared in this litigation. *Id.* ¶ 5.

Related documents are being filed in opposition to Sea Mar's motion that come within the same scope of protection. Additional excerpts from the same ACGME's 30(b)(6) deposition filed at **Exhibit 1** will be filed in support of the ACGME's opposition to the underlying motion to



STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

compel. They will be attached at **Exhibit A** to the Declaration of Vanessa Power. *Id.* ¶ 3. Also, **Exhibit D** to that declaration are excerpts of a deposition transcript of another one of the four individuals at issue for protection against identification under the ACGME's Rule 30(b)(6) deposition transcript, addressed above. *Id.* ¶ 6. For the same reasons, redaction to the identifying information of these same individuals should also be permitted.

If permission to redact is granted for Exhibits 1, 16, and 17, as well as related excerpts at Exhibits A and D of the Power Declaration in support of the ACGME's opposition to Sea Mar's motion to compel, the ACGME will coordinate with Sea Mar to apply redactions in advance of public filing.

**C. Documents that Should Remain Under Seal (Exhibit 14).**

The ACGME respectfully requests that one document, **Exhibit 14**, the minutes of the ACGME's Residency Review Committee for Family Medicine meeting on April 18-19, 2024 (the "RC Minutes") should remain under seal. The RC Minutes are designated "confidential" under the protective order. In addition, on the face of the document, the ACGME stamped the RC Minutes as "**CONFIDENTIAL – DO NOT CIRCULATE**." *Id.* ¶ 7. That is because the RC Minutes reflect some of the most sensitive work performed by the ACGME, consideration of accreditation decisions. *Id*. To ensure candor in that process, the ACGME provides participants with an assurance of confidentiality. Doing so also ensures that residency programs can be assessed and reported on in a manner that protects that confidential process. This is critical to the ACGME's longstanding process and operations. *Id.*

The minutes reflect the individual attendees as well as presenters, agenda items, the scope of substantive discussion, and actions taken. *Id.* ¶ 8. Without maintaining confidentiality, disclosure may chill candor and participation in the ACGME's ongoing and future operations, as well as implicate individual privacy interests. *Id.*; *Mahone*, 2024 WL 965139, at *2. Such harm would be specific and not speculative, as it would impact the ACGME's standard practice of





**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

assuring confidential meetings (and records of those meetings) to allow for fulsome and candid assessment of residency programs. Klingensmith Decl. ¶ 8.

## IV. CONCLUSION

The ACGME takes a precise approach to sealing. It has agreed to lift confidentiality as to several documents, seeks only limited redactions to others to protect the identities of individuals, and seeks to maintain under seal just one document. The sealing and redactions requested are critical to supporting the ACGME's operations, which rely on candor in assessing accreditation matters. To do so, the limited sealing requested here is warranted.

Upon entry of this Court's order on sealing, the ACGME will coordinate with Sea Mar to comprehensively address sealing and re-filing of exhibits.

**Certification of Conferral:** Undersigned counsel conferred with counsel for Sea Mar on September 25, 2026, regarding the request to redact personal identifying information for two individuals in the ACGME's opposition to Sea Mar's Motion to Compel. In lieu of filing another, separate motion to seal, and because the request is identical in nature to the redactions already sought under the initial motion to seal, undersigned counsel advised Sea Mar's counsel that a streamlined request would be made in the context of this response. Sea Mar's counsel did not object.

*I certify that this memorandum contains 1,344 words, in compliance with Local Civil Rules.*





STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3400, Seattle, WA 98101
*Telephone 206.624.0900*

DATED September 25, 2026.

STOEL RIVES LLP

*s/ Vanessa Soriano Power*
Vanessa Soriano Power, WSBA No. 30777
vanessa.power@stoel.com
Jenna M. Poligo, WSBA No. 54466
jenna.poligo@stoel.com
600 University Street, Suite 3400
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

COVINGTON & BURLING LLP

Nathan E. Shafroth (*pro hac vice*)
nshafroth@cov.com
W. Douglas Sprague (*pro hac vice*)
dsprague@cov.com
Majid Waheed (*pro hac vice*)
mwaheed@cov.com
415 Misson Street, Suite 5400
San Francisco, CA 94105
Telephone: 415.591.6000

Patrick W. Nutter (*pro hac vice*)
pnutter@cov.com
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: 424.303.4643

Nicholas G. Miller (*pro hac vice*)
nmiller@cov.com
620 Eighth Ave.
New York, NY 10018
Telephone: 212.841.1000

*Attorneys for Defendant ACGME*